[Civ. No. 1271.   First Appellate District.—November 20, 1913.]

## HENRY BAKER PARSONS, Appellant, *v.* W. E. CASHMAN et al., Respondents.

SPECIFIC PERFORMANCE—CONTRACT TO MAKE WILL—CERTAINTY, FAIRNESS, AND CONSIDERATION.—A contract to make a will, in order to be a proper subject for specific performance, must *prima facie* be fair, founded upon an adequate consideration, definite as to the conditions imposed and the obligations assumed, and, if the purported consideration is personal services, the agreement for them must be definite and certain not only with reference to their nature and character, but also with reference to the time of their continuance.

ID.—PERFORMANCE OF PERSONAL SERVICES—UNCERTAINTY AS TO TIME.—An agreement whereby a woman promises to make a will in favor of her nephew in consideration of his becoming an inmate of her home, assuming the obligations of a son, and assisting her in domestic and business affairs, is indefinite in an essential particular if silent as to the length of time for which such services are to be continued.

ID.—FAIRNESS OF AGREEMENT TO MAKE WILL.—If it appears that such promise to make a will has not induced the promisee to relinquish anything of present or prospective value or advantage, but has operated to his profit rather than his detriment, and the agreement lacks fairness, specific performance will not be decreed.

ID.—CONSIDERATION FOR CONTRACT—OF WHAT TIME TO BE DETERMINED. The sufficiency of a purported or claimed consideration for a contract to make a will must be determined from the facts of the transaction as they existed when the contract was made, rather than by subsequent developments.

ID.—CONSIDERATION—BENEFIT TO PROMISOR OR DETRIMENT TO PROMISEE.
  A consideration is sufficient to support a contract if there appears
  to be either a benefit to the promisor or a detriment to the promisee;
  both alternatives are not necessary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Frank H. Gould, and Vincent Surr, for Appellant.

J. W. Dorsey, W. E. Cashman, John A. Percy, J. E. White, Lewis F. Byington, Naphtaly & Freidenrich, Jordan, Rowe & Brann, E. J. Talbot, Geo. W. Haight, and Harris & Hess, for Respondents.

LENNON, P. J.—The plaintiff in this action prayed for a decree declaring him to be the owner of and entitled to all of the property of which one Jemima Parsons died possessed, and that the defendants, as devisees and distributees under the will of the decedent, held said property in trust for the plaintiff.

The plaintiffs' cause of action was founded upon a contract alleged to have been entered into between the plaintiff and the deceased, Jemima Parsons, whereby she agreed that at her death she would by will bequeath to plaintiff all of the property of which she might die possessed.

The defendants' demurrer to plaintiff's second amended complaint was sustained upon the ground primarily that the complaint did not state a cause of action. Thereupon judgment was rendered and entered for the defendants, from which plaintiff has appealed upon the judgment-roll.

The demurrer was well taken and rightfully sustained.

With reference to the material matter of the making of the contract in suit the allegations of the second amended complaint are as follows: " . . . Plaintiff is the natural son of a deceased brother of said decedent, and was born in the year 1849 in England; that at the time of the birth of plaintiff said decedent resided in the city and county of San Francisco, state of California; that in the year 1874, when plaintiff was of the age of twenty-four years, he came from England to the said city and county of San Francisco, and there made

himself known to the said decedent; that said decedent thereupon caused investigations to be made to determine the relationship of plaintiff to her, and upon the conclusion of the said investigations, to wit, about three months subsequent to the arrival of plaintiff in California, acknowledged the said plaintiff as the natural son of her brother, William Parsons, and as her nephew; that a short time thereafter, at the urgent request of said decedent, the said decedent and plaintiff entered into an agreement whereby plaintiff agreed to become an inmate of the home of said decedent, to assume the duties and obligations of a son to said decedent, to assist her in all of her business and domestic affairs, as would her own son, and to give to said decedent the affection, support, confidence, and society that a son should give a mother; that at said time the said decedent was a single woman, and thereafter and until her death remained single and unmarried; that in consideration of the said agreement on the part of the plaintiff, hereinbefore set out, the said decedent agreed to perform the part of a mother to the plaintiff, and upon her death to leave to the said plaintiff the property of which she might then be possessed, as though the said plaintiff were in fact the son of the said decedent; that in accordance with the said agreement plaintiff did thereupon enter the household of said decedent, and did perform toward the said decedent all of the conditions of the said agreement, and did, so long as the said decedent remained at liberty to accept the society, affection, support and confidence of the said plaintiff, render the same at all times and without measure, with all the kindness, consideration, respect and devotion that a son of the said decedent could have given, and the said decedent continually thereafter promised and agreed to leave to the said plaintiff her property as hereinbefore set forth upon her death.''

The complaint then proceeded to describe in detail numerous and varied acts of kindness and personal attention alleged to have been bestowed by plaintiff upon the deceased during the many years of life which remained to her subsequent to the making of the contract.

It will be seen at a glance that the action is one for relief in the nature of specific performance. Such an action is essentially equitable, and, therefore, the contract under consideration may not be specifically enforced unless it fully conforms

in all of its essentials to the well recognized principles of equity jurisprudence, which, in so far as they are applicable to the cause of action attempted to be here pleaded, are generally and substantially these: 1. The contract *prima facie* must be fair; 2 it must be founded upon an adequate consideration; 3 it must be definite as to the conditions imposed and the obligations assumed; and, 4 if the purported or claimed consideration for the contract be personal services the agreement for such services must be definite and certain not only with reference to their nature and character, but also with reference to the time of their continuance. (*Owens* v. *McNally,* 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710]; *McCabe* v. *Healey,* 138 Cal. 81, [70 Pac. 1008].)

The contract sought to be enforced in the present case does not conform to all of these requirements. It seems to be the theory of plaintiff, as indicated by the recital in the complaint of many minute matters of personal attention alleged to have been rendered the deceased, that the contract called particularly for the personal services of the plaintiff. Conceding this to be so, and that the terms of the contract indicate with sufficient certainty the nature of the services to be performed thereunder, nevertheless the contract as pleaded is silent as to the length of time for which such services were to be continued and to that extent at least is obviously indefinite in an essential particular. (*Owens* v. *McNally,* 113 Cal. 444 [33 L. R. A. 369, 45 Pac. 710].)

But aside from this, the contract is not susceptible of specific performance because neither the allegations of the complaint nor the terms of the contract as pleaded disclose a sufficient consideration for its making.

The sufficiency of a purported or claimed consideration for a contract of the character under discussion must be determined from the facts of the transaction as they existed when the contract was made, rather than by subsequent developments. Such consideration, before it may be declared sufficient, must disclose not only a benefit conferred or agreed to be conferred upon the promisor, but must reveal as well some prejudice, detriment, or disadvantage suffered or agreed to be suffered by the promisee as an inducement for the promise which forms the basis of the contract. (Civ. Code, sec. 1605.)

In the present case neither the pleaded contract nor the cir-

cumstances alleged to have attended its execution show or tend to show, either expressly or impliedly, that the promise of the deceased operated as an inducement to the plaintiff to relinquish, wholly or partly, anything of present or prospective value or advantage. To the contrary it appears, by implication, at least, that the obligation assumed by the plaintiff as the consideration on his part for the making of the contract, did not require him to abandon any particular position of present or prospective profit. The plaintiff apparently had everything to gain and nothing to lose by acceding to the wishes of the deceased. The alleged circumstances of his meeting with the deceased indicate that it was to his profit rather than his detriment to be provided with all of the comforts of a home in return for the duties and obligations naturally resulting from the assumed relation of a son to the deceased.

Therefore, under all of the circumstances of the transaction, and from the contract itself as pleaded in the plaintiff's complaint, it cannot be fairly said as a matter of equity that the contract in controversy was founded upon a sufficient consideration; and this being so, the promise of the deceased to leave all of her property by will to the plaintiff must be held to be incapable of enforcement in an action for specific performance. (*Baumann* v. *Kusian,* 164 Cal. 582, [44 L. R. A. (N. S.) 756, 129 Pac. 986].)

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1914, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this case is denied. Under section 1605 of the Civil Code a consideration is sufficient to support a contract if there appears to have been either a benefit to the promisor or a detriment to the promisee. The statement of the opinion of the district court of appeal that both alternatives are necessary is erroneous. The proposition as stated by that court is not necessary to the decision, which is sufficiently supported by the proposition that it is not shown that the contract sought to be enforced was fair.