[Civ. No. 3011. First Appellate District, Division One.—August 29, 1919.]

ANDREW PARK, Respondent, v. THOMAS J. ORBISON, Appellant.

[1] NEGLIGENCE — COLLISION OF AUTOMOBILE WITH PEDESTRIAN — FINDING—EVIDENCE.—In this action for damages for personal injuries received in a collision with an automobile, the defendant's negligence was clearly established, he having approached the crossing where the accident occurred driving on the wrong side of the street and at an excessive rate of speed, without sounding any warning, notwithstanding his view thereof was obscured.

[2] ID.—FAILURE TO LOOK BOTH DIRECTIONS.—In such an action the plaintiff is not precluded from recovering because, having seen the lights of automobiles coming from both his left and his right before starting to cross the street, he did not keep a lookout for both approaching machines, but waited until he reached the center of the street before again looking to the right to observe the approach of cars from that direction.

[3] ID.—USE OF PUBLIC STREETS — DUTIES OF PEDESTRIANS AND DRIVERS OF VEHICLES.—While pedestrians walking across busy public streets are required to use ordinary care to see that they do not collide with or are run over by vehicles, drivers of vehicles likewise must use ordinary care to prevent injury to pedestrians under such circumstances.

[4] ID.—OBJECTIONABLE ANSWER—REMEDY.—Where the question asked by counsel for the plaintiff is proper but a portion of the answer given is hearsay, or otherwise objectionable, the remedy is for counsel for defendant to make a motion at that time to strike out the objectionable portion of the answer. Having failed to avail himself of such remedy, the defendant may not be heard on appeal to complain of the admission of such testimony.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

3. Rights and duties of pedestrians in highways with respect to automobiles, note, 4 Ann. Cas. 400.

Rights and duties of automobile driver toward pedestrians in highway, notes, 13 Ann. Cas. 464; 21 Ann. Cas. 652; Ann. Cas. 1916E, 666; 24 L. R. A. (N. S.) 557.

Duke Stone for Appellant.

Wheaton A. Gray for Respondent.

BARDIN, J., *pro tem.*—Plaintiff was awarded a judgment for one thousand dollars for damages suffered by him through the alleged negligent operation of an automobile of the defendant at the intersection of Hill and First Streets, in the city of Los Angeles. The defendant denied negligence upon his part and in further defense to the action pleaded affirmatively the contributory negligence of the plaintiff.

The accident took place on the evening of December 16, 1914, at about the hour of 7 o'clock P. M. and at a time when it was dark and stormy. The plaintiff was proceeding eastward on the south side of First Street and intended to cross Hill Street at its intersection with First Street. When he reached the outer edge of the sidewalk, and before stepping out into Hill Street proper, he looked and listened for approaching vehicles coming from both directions on that street. He was carrying a typewriter in his hands at the time and laprobe over his shoulders. At about two hundred feet to the north of the intersection of the streets referred to the traffic on Hill Street is accommodated by two tunnels, one for the use of a railway and the other for the use of automobiles and pedestrians. Plaintiff testified that he heard the sound of an automobile emerging from the tunnel to the north and coming toward him, and that he saw, near the intersection of Hill and Second Streets, which would be to the south and approximately four hundred feet distant, the light of an automobile approaching from that direction. Estimating that he had an abundance of time to cross the street without danger from the machine approaching from his right, he continued his journey across Hill Street, with his eyes fixed upon the machine approaching from his left, and which was close at hand. At the instant the plaintiff reached the center of Hill Street, which at that point is fifty-six feet wide from curb to curb, he looked to his right, that is, to the south, and saw the flare of the light of the automobile driven by the defendant, and attempted to escape the impending danger by stepping backward. When he first observed this machine it was distant, so plaintiff testified, about fifteen or twenty feet and coming rapidly toward him. Plaintiff heard

no warning of its approach and it is not claimed by the defendant that any such warning was given. The effect of its projected light was overcome by the light of the cars approaching from the opposite direction. The particular street crossing was well lighted at the time by street lights.

The plaintiff, unable to escape collision, was knocked down and received personal injuries for which, and for loss of earnings by reason thereof, the court awarded him judgment.

The plaintiff, a lawyer and publisher by occupation, stated that he was, at the time of the accident, familiar with the terms of the statute regulating the use of motor-driven vehicles upon streets and highways and believed that he was exposed to no danger from any vehicle approaching from the south until he had passed the center of the street.

It may be stated that the automobile tunnel already referred to is situate at the east side of Hill Street, the west wall of which projects twenty-three feet out into the street. By reason of this, all automobiles using this tunnel are accustomed to make the east side of Hill Street in the near vicinity of the tunnel, the principally traveled part of that highway, such use extending to about the intersection of First Street, of which practice both parties to the action were familiar.

The defendant testified that at the time of the accident he was traveling very slowly and on the right-hand side of the street. The evidence is sharply conflicting upon both these elements. An eye-witness to the accident estimated the speed of defendant's automobile at that time to be at the rate of from ten to twelve miles per hour, while the plaintiff testified the rate to be from fifteen to twenty miles per hour. If the offending machine traveled as far as four hundred feet, or substantially that distance, while the plaintiff was walking from the curb to the center of the street, a distance of twenty-eight feet, it follows that the speed of defendant's automobile had, at least immediately previous to the accident, been very rapid. It is very plainly shown by direct and indirect evidence produced at the trial that the defendant was not traveling on his right-hand side of the street as claimed, and that the plaintiff was struck while at a point west of the center of Hill Street.

[1] It appears very clear to us that the defendant did not operate his automobile at the time of the accident in a

careful and prudent manner and with due regard for the safety of pedestrians. His view of the crossing at the intersecting streets was obscured and obstructed by reason of the condition of his windshield because of the falling rain, yet, notwithstanding this, he was traveling at a rate of speed in excess of one mile in six minutes. He blindly ran his machine across these intersecting streets where pedestrians might very well be expected to be. He did not see the plaintiff until it was too late to avoid striking him. He sounded no warn‚ ing of his approach at the street crossing. He was not traveling upon his right-hand side of the street as the statute and common usage required, and there was no obstruction or condition of the street requiring his departure from this rule of the road. The evidence abundantly supports the findings of the trial court as to the defendant's negligence.

[2] It is insisted that the plaintiff should be precluded from recovering in this action for the reason that his conduct clearly established contributory negligence in that it was plaintiff's duty to keep a sharp lookout for the approach of vehicles coming from both directions and at all times and at every point while crossing the street; and that, having seen the lights of automobiles coming from both his left and his right, he should have kept a lookout for both approaching machines, although he had not passed the center line of the street at the time of the accident.

[3] While it is true that pedestrians walking across busy public streets are required to use ordinary care to see that they do not collide with or are run over by vehicles, it is likewise true that the drivers of vehicles must use ordinary care to prevent injury to pedestrians under such circumstances. (*Brown* v. *Brashear,* 22 Cal. App. 135, [133 Pac. 505]; *Wiezorek* v. *Ferris,* 176 Cal. 353, [167 Pac. 234].)

The scene of the accident was in the business section of a populous city. The plaintiff did as a prudent man would have done under like circumstances. He was justified in his belief that he had ample time to at least reach the center of Hill Street before there could be any danger coming from his right. He was warranted in believing that any machine approaching from that direction would, as required by law, and in conformity with the customary usage of the street at that particular place by reason of the local conditions well

known to both plaintiff and defendant, and already referred to, travel on the east side of Hill Street. And he furthermore was entitled to the assurance that the driver of any vehicle approaching from his right would use such care and circumspection as the circumstances required, and that such machine would not approach at an excessive rate of speed nor endanger him without warning. (Vehicle Act 1913, secs. 12, 20 and 22, Stats. 1913, c. 326.) For the trial court to have held as a matter of law that the plaintiff's conduct was such as to constitute negligence under the circumstances set out would have required the adoption of a standard of care and circumspection on the part of a pedestrian crossing intersecting streets not in accord with the customary use of streets by pedestrians under like circumstances, nor obedient to any rule of law which has been brought to our attention.

The cases of *Niosi* v. *Empire Laundry Co.,* 117 Cal. 257, [49 Pac. 185], and *Brown* v. *Pacific Electric Ry. Co.,* 167 Cal. 199, [138 Pac. 1005], do not justify the contentions made by appellant on this particular point. The question of whether the conduct of plaintiff, upon the occasion referred to, amounted to negligence or not is to be determined from the attendant circumstances. He was not bound to look and listen for approaching vehicles when he started across the street, regardless of the circumstances of his environment. There might well be circumstances when to fail to do so would amount to negligence. (*Mann* v. *Scott,* 180 Cal. 550, [182 Pac. 281].) And for like reasons it cannot be said, as a matter of law, that plaintiff was negligent in not keeping a vigilant lookout for approaching machines coming from both directions before he reached the center of the street.

But in the instant case the evidence shows that, whether required by any positive rule of law or not to look and listen for approaching vehicles coming from both directions before crossing the street, the plaintiff did in fact so act. It is true that he did not look to his right again until he reached the center of the street, but, as a reasonably prudent man, he was justified in this conduct by reason of the attendant circumstances. Not only had he estimated that he had ample time to cross the street before he would be liable to any danger from the defendant's automobile on account of its

relatively great distance from him when he took up his
journey across the street, but he had the right to assume that
the driver of that machine would perform his duty and obey
the law. (*Harris* v. *Johnson,* 174 Cal. 55, [Ann. Cas. 1918E,
560, L. R. A. 1917C, 477, 161 Pac. 1155]; *Scott* v. *San Ber-
nardino Valley etc. Co.,* 152 Cal. 604, [93 Pac. 677].)

The question of plaintiff's alleged contributory negligence
was a question for the trial court, and the following language
from the somewhat similar case of *Blackwell* v. *Renwick,* 21
Cal. App. 131, [131 Pac. 94], may well be applied to this case:
"In this case, under the state of the evidence, as we have
briefly summarized it, it became the duty of the court to de-
termine the question as to the negligence of the defendant and
as to whether plaintiff was, under all of the circumstances
shown, guilty of contributory negligence, and with the con-
clusion thereon made, under the authorities, an appellate
court cannot interfere."

[4] There is no merit in the claim that the court com-
mitted error in admitting hearsay evidence when it permitted
the plaintiff to testify as to the effect attacks of dizziness,
stated to have resulted from the injury complained of, had
upon his mental feelings. The question was a proper one,
and not objected to. In answer to this question it was testi-
fied that upon one occasion, a considerable time after the
accident, when attacked by dizziness, plaintiff saw a former
business associate with a broad smile upon his face, who
asked the plaintiff "where he had gotten his drink." Coun-
sel for the defendant was silent until the question had been
fully answered and then said, "We object to that as incom-
petent, irrelevant, and immaterial." The claim is now made
that a portion of the answer was hearsay and was a con-
clusion of the witness and too remote in time to be admissible
at all. The proper remedy was for counsel for the defend-
ant to have made a motion at the time this testimony was
given to strike out the objectionable portion of the answer,
if it contained any such matter. (*People* v. *Swist,* 136 Cal.
520, [69 Pac. 223]; *People* v. *Cole,* 141 Cal. 88, [74 Pac.
547].) Having failed to avail himself of the remedy at
hand, defendant may not now complain, even though the ob-
jection made at the trial be now subject to amendment so as
to include grounds of objection not then stated, which of
course, cannot be granted. The portion of the answer now

criticised, while perhaps not directly responsive to the question, was relevant and material to the issue of damages.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.