[Civ. No. 3657. Third Appellate District.—March 16, 1929.]

H. F. METCALF et al., Respondents, v. J. A. HILL, Appellant.

Haas & Dunnigan for Appellant.

Loeb, Walker & Loeb for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment for broker's commission for procuring a purchaser for real property who was ready, willing, and able to buy it upon the terms specified.

December 13, 1924, the appellant signed a written contract with respondents agreeing to pay $2,000 commissions for the sale of a Los Angeles lot upon terms which were specifically enumerated. Within the five days' limitation of time the respondents procured a purchaser who was ready, willing, and able to purchase the property upon the written terms prescribed. The appellant, however, refused to con-

summate the sale, insisting that it was orally agreed the conveyance was to include a restrictive clause prohibiting the use of the property for public garage purposes. The written contract for employment contained no such restriction. The appellant pleaded, and, over the objection of the respondents, offered evidence in support of his claim that: "The written memorandum (contract) did not contain the clause agreed to between the plaintiffs and defendant to the effect that the title to be conveyed by the defendant should be subject to a condition subsequent prohibiting the use of the property which was the subject of contract, as a public garage . . . " for the reason that said restriction was wilfully omitted by the plaintiffs. No fraud, mistake, or ambiguity was pleaded or proved, such as would authorize the admission of oral evidence to vary the terms of the written contract, pursuant to section 1856 of the Code of Civil Procedure. All that the appellant contends is that upon the execution of this written agreement, he insisted that it should contain the restriction mentioned, but that the respondents avoided the effort to include it, saying: "There was not space enough (in the document) to insert the same." Appellant asserts that the respondents agreed to be bound by the restriction to the same extent as though it were inserted in the contract, and that, relying upon this verbal promise, he signed the agreement. He assigns as error the omission on the part of the trial court to specifically find upon this issue respecting the alleged restriction.

Much of the record of the trial is devoted to this issue, upon which there was an absolute conflict. Respecting the execution of this contract, the witness Shaughnessy, who, as respondents' salesman procured the execution of the instrument, testified: " . . . I took this paper to Mr. Hill and explained . . . that I was satisfied they (the prospective purchasers) would buy if he would give us a listing definite in writing. So I said, 'With that in mind, while I was waiting for you over at your other garage I wrote this authority out, and if that is all right will you sign it for us and I will take it back to Mr. Tanner?' He says, 'Let me see it.' He sat back and read it carefully. He said, 'That is all right, I will sign that.' He turned to his desk and signed it and handed it back to me. Q. (By Mr. Schwartz,

attorney for respondents) : At the time you were in Mr. Hill's office on the day he signed exhibit No. 2? A. Well, I think he . . . denied that anything was said about a reservation. Mr. Dunnigan (attorney for appellant) : Yes, he said he never heard of it until after it was signed.''

Upon this state of the record the court found that the written contract of employment was executed by the appellant, specifically enumerating all of its terms, but omitting any reference to the alleged restriction. The finding included the following language : '' . . . The defendant . . . authorized the plaintiffs in writing . . . to sell said real property . . . and agreed in writing to pay plaintiffs the sum of $2,000.00 . . . for negotiating the sale of said real property *upon the terms and conditions as aforesaid.*''

Even though the allegations of the answer were sufficient upon which to authorize the introduction of evidence varying the terms of the written instrument, the appellant may not complain for there was no ruling of the court sustaining the objections to the testimony and it was not excluded. Moreover, the evidence was conflicting as to the existence of the alleged agreement to be bound by the restriction contended for by the appellant, and the issue was resolved against him. On appeal, this court will, therefore, assume that the oral agreement did not occur.

Nor can it be said that the court failed to adopt findings upon this subject. Having specifically adopted findings which enumerated the terms of the written agreement and adding that the sale was authorized to be negotiated ''upon the terms and conditions as aforesaid,'' necessarily infers that the alleged oral modification regarding the contended garage restriction was not agreed upon. (*Phillips* v. *Stork,* 65 Cal. App. 136, 140 [223 Pac. 443] ; *Tower* v. *Wilson,* 45 Cal. App. 123, 134 [188 Pac. 87].) In 24 Cal. Jur. 976, section 208, it is said : ''If a full finding is made upon an issue, it is not necessary expressly to negative issues which are contradictory thereto, for such a finding is an implied negation of all facts to the contrary, which are not found.''

Findings should receive a construction which will uphold, rather than defeat, a judgment. (*Ensele* v. *Jolly,* 188 Cal. 297, 303 [204 Pac. 1085].)

The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.