[Civ. No. 6059.   Third Appellate District.—November 15, 1938.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-GELES (a National Banking Association), as Administrator With the Will Annexed, etc., Respondent, v. BELL S. PERRINE, Appellant.

Botsford & Hurtt for Appellant.

Harry A. Chamberlin for Respondent.

MAXEY, J., *pro tem.*—On or about August 3, 1928, Mrs. Mary L. Smith, the mother of defendant and appellant, bor-

rowed from the Security-First National Bank of Los Angeles, the sum of $5,908.32, at the request of the defendant and appellant, and for her use and benefit. The defendant and appellant received this money and used it for her own purposes.

On November 15, 1928, Mary L. Smith died testate, and by her will bequeathed approximately $2,000 to Reno Smith, her son; the residue of the estate to be divided equally between defendant and Reno Smith. The will of Mary L. Smith was duly permitted to probate, and Security-First National Bank of Los Angeles appointed administrator with the will annexed of said estate, on June 14, 1929. Subsequently thereto an inventory and appraisement of the property. of the estate was duly and regularly filed, showing an appraised value of real property in the amount of $62,500 and personal property of $7,500.

On or about October 6, 1930, the defendant and appellant executed a note to the plaintiff herein for $5,908.32. Admittedly, this is for the same moneys borrowed by Mary L. Smith on August 3, 1928.

Under date of March 31, 1931, the defendant and appellant, to secure the payment of the note of October 6, 1930, transferred, conveyed, assigned and set over to plaintiff and respondent, "all my right, title, and interest in and to the estate of Mary L. Smith, deceased", etc.

The complaint is predicated upon the note, and prayed for the foreclosure of defendant and appellant's interest in the estate.

The answer admits all of the allegations of the complaint, save and excepting the execution and delivery of the note and the security therefor, and of the attorneys' fees incurred in connection with the suit. The answer further alleges affirmatively the lack of consideration for the making of the note, and also pleads fraud in the making of the note. The fraud is based upon allegations of dual representation upon the part of an attorney who attempted to represent the plaintiff and also the defendant. The attorney is not a party to the action, nor does he appear as an attorney of record in these proceedings. The trial court found the allegations of the complaint to be true, that there had been an execution and delivery of the note and security and an express finding that there was no

fraud practiced upon defendant and appellant by the plaintiff.

Judgment was thereupon entered for plaintiff as prayed for, and from that judgment defendant and appellant has appealed.

Our attention has not been called to any error of the trial court with reference to these matters, and the sole and only question presented for our consideration is the construction of section 581 of the Probate Code.

As stated by appellant, ''after the time has expired for filing or presenting claims against an estate, can the executor or administrator of such an estate enforce the collection of an alleged debt due from an heir, devisee or legatee without alleging and proving that the recovery of the debt on behalf of the estate is necessary for the payment of debts or legacies, or the expenses of administration already incurred, or for distribution to some other heir, devisee or legatee entitled thereto''?

Admittedly, the time for filing claims against the estate had expired long prior to the commencement of this action; in fact, that time had expired prior to the giving of the note by defendant and appellant, which is the subject matter of the suit herein. The complaint contains no allegations relative to the necessity for the collection of these moneys and we must therefore assume that the property of the estate was sufficient to pay expenses, debts and bequests.

Section 581 of the Probate Code provides: ''The executor or administrator is entitled to the possession of all the real and personal property of the decedent, and to receive the rents, issues and profits thereof until the estate is settled, or until delivered over by order of the court to the heirs, devisees or legatees. He must keep in good tenantable repair all houses, buildings and fixtures thereon which are under his control. After the time to file or present claims has expired, he is not entitled to recover the possession of any property of the estate from any heir who has succeeded to the property in his possession, or from any devisee or legatee to whom the property has been devised or bequeathed, or from the assignee of any such heir, devisee or legatee, unless he proves that the same is necessary for the payment of debts or legacies, or of expenses of administration already accrued, or for distribu-

tion to some other heir, devisee or legatee entitled thereto. The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against any one except the executor or administrator, but they are not required so to do.''

The plaintiff was therefore entrusted with the possession of the property of the estate. The moneys due to deceased by defendant and appellant were a part of the estate, and it was the duty of plaintiff to collect, or attempt to collect and account for said moneys. It was its further duty to hold all of the property of the estate in its possession, either until the estate was settled or until it was ordered by the court to deliver the property to the heirs, devisees or legatees.

No property had been delivered by the administrator with the will annexed to defendant nor to any other person either upon order of court or otherwise; the defendant had not succeeded to the property in question, as it had never been set aside to her.

There was no specific bequest of any money to defendant; she owed the moneys claimed to the estate, and had no right to offset against the estate by reason of being a residuary legatee.

Under section 581 of the Probate Code an allegation in the complaint and proof that property necessary for the payment of debts or legacies or the expenses of administration already accrued, or for the distribution to some other heir, devisee or legatee thereto, need only be made after the time to file or present claims has expired when (1) : the heir has succeeded to the property and that property is in his possession under an order of the probate court made therefor; or (2) : when the particular property in question has been devised or bequeathed to the person having the possession of such property.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 15, 1938, and an application by appellant to have the cause heard in the Supreme

Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1939. Curtis, J., voted for a hearing.