[Civ. No. 13307. Second Dist., Div. Two. Dec. 26, 1941.]

A. FORST, Appellant, v. PHIL P. CARR et al., Respondents.

[Civ. No. 13308. Second Dist., Div. Two. Dec. 26, 1941.]

A. FORST, Appellant, v. C. A. CHURCH et al., Defendants; PHIL P. CARR, Respondent.

Jacob Forst for Appellant.

Fred Mansur for Respondent.

HANSON, J. pro tem.—These are actions in ejectment which were consolidated below for the purpose of trial. As the cases are substantially identical on their facts and are submitted on a single set of briefs, we shall dispose of both cases in this opinion even though separate appeals were taken by the plaintiff.

The appellant, who was the plaintiff below in both cases, instituted each of the actions against respondent Carr and others. Only Carr joined issue. He did so by an answer in each case, which denied generally the material allegations of each complaint and additionally set up that the action was barred by section 318 of the Code of Civil Procedure and by his adverse possession of, and his equitable title to, the property involved. The trial court found for the respondent Carr and entered judgment on the findings in each case.

The facts so far as they are material to a decision are these: In 1917 James M. Graham was the owner of a certain six-acre tract of land near Compton which he desired to subdivide. To that end he entered into an oral contract with the defendant Carr, a real estate agent, by the terms of which Carr was to arrange for a subdivision of the tract. As compensation for his services Carr was to receive a designated acre of the tract. In 1918 Carr, with the consent of Graham, entered upon the acre, fenced it and built a home upon it. Ever since the date in question Carr has been in the actual possession of the two lots here involved, which were carved out of the one-acre tract. Carr, in accordance with his contract with

Graham, made a subdivision map of the tract which was approved by Graham, but the city of Compton, to which it was tendered, refused to accept it. Thereafter Carr, in behalf of Graham while he held title and afterwards in behalf of Graham's immediate successors, sold several of the lots by their metes and bounds. In 1923 Graham conveyed the entire six-acre tract to his son and daughter-in-law by grant deed, without excepting Carr's acre therefrom. However, the grantees in the deed were informed by Graham that Carr was entitled to his acre in the tract and they at all times recognized his right thereto. Moreover, Carr paid them, as he had paid their grantor, his proportion of the annual taxes, as computed by them. In 1928 Graham's grantees quitclaimed the six acres to a corporation which had been created by them to dispose of their interest in the land. The corporation designated Carr as its exclusive agent to make sale of the remaining lots. In 1929, under a judgment rendered against the corporation, the corporation's interest in the six-acre tract was sold under execution. The purchaser at the execution sale was one Manierre, who in due course received a sheriff's deed to the property. After having held the deed to the property for a period of six years without exercising any possession of the lots here involved, he quitclaimed the lots to appellant herein, who, since he acquired title, has paid the taxes on the two lots in the one-acre tract which are here claimed by respondent Carr. Manierre testified that as long as he held the property he never made demand upon Carr for possession of the two lots here in question.

Upon the facts as recited it is evident that when Carr, in 1918, took possession of the acre designated, by and with the consent of Graham, he became the equitable owner thereof. As no claim to that acre, or to the two lots thereof which are here involved, was ever made by Graham or his immediate successors (his son and daughter-in-law), ejectment could not have been maintained by any of them in view of their concession of Carr's rights. As the quitclaim deed by Graham's son and daughter-in-law passed only such title as they had at the time, the plaintiff here has no valid title to the two lots located in the acre tract. Moreover, as neither he nor his grantor ever had possession of the two lots, not only was the defense of the statute of limitations effective as a bar to plaintiff's actions, but the actions for ejectment were not maintainable.

For the reasons indicated the judgment in each of the cases is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1942.