[Civ. No. 13907.   Second Dist., Div. One.   Feb. 19, 1943.]

D. PAUL McKELVEY et al., as Executors, etc., Respondents, v. JOHN RODRIQUEZ et al., Appellants.

Edwin J. Miller for Appellants.

Merriam, Rhinehart & Merriam and Harvey M. Parker for Respondents.

DORAN, J.—This appeal is taken from a judgment awarding respondents recovery from appellants of immediate possession of a certain piece of real property in the city and county of Los Angeles, together with damages for the withholding thereof and costs of suit. Appellant Henrietta Rodriquez is one of twelve children of Merced Castaneda, deceased, who in her lifetime and on January 2, 1923, entered into a written contract for the purchase of the real property in question with Berry McKelvey as seller, owner of the prop-

erty and predecessor in interest of respondents. The contract for the purchase of the real property provided for a total purchase price of $1,700, payable $100 down, with monthly payments of $15 thereafter until the principal sum was fully paid with interest thereon at the rate of seven per cent per annum, which interest was payable monthly. Taxes, assessments and other such charges were to be paid by the purchaser and the purchaser was to keep the property insured in the interest of the seller. The contract was to be forfeited by the purchaser upon failure to comply with the terms thereof. No provision was made for the delivery of a deed to the purchaser until all payments had been made under the contract. Merced Castaneda died about the year 1935. There has been no administration of her estate. At the time of the present action the property was occupied by Henrietta Rodriquez as her residence with her husband John Rodriquez.

The present action is the third suit brought against appellants by respondents seeking possession of the real property in question. It does not appear that respondents in any of these actions have attempted to join the other children and heirs of Merced Castaneda, deceased. About June 13, 1940, respondents instituted an action in unlawful detainer against appellants in the Municipal Court of the City of Los Angeles. The action resulted in a judgment for appellants. On February 7, 1941, respondents filed in the Superior Court of Los Angeles County a complaint to quiet title to the property against appellants. This action resulted in a nonsuit.

The complaint in the present action is denominated one in ejectment and the prayer is for restitution of the real property and for the sum of $215 damages for the withholding thereof. The complaint alleges that the plaintiffs (respondents) are the duly appointed, qualified and acting executors of the will and estate of Etta Goss McKelvey, deceased. That the said Etta Goss McKelvey died on or about the 26th day of November, 1935; and that her estate is the owner and entitled to possession of that certain real property here in question. The complaint then alleges the execution of the contract for the sale of the said property, between Berry McKelvey and Merced Castaneda, the terms of which have been outlined above. A copy of the contract is annexed to the complaint as an exhibit. The occupancy and possession of the property by appellant Henrietta Rodriquez, daughter

of Merced Castaneda, and of said appellant's husband, claiming as successors in interest of Merced Castaneda under said agreement of sale, after the death of Merced Castaneda, is set forth in the complaint. It is then alleged that the entire balance of the purchase price of said real property is, by the terms of said agreement now due and payable, but that defendants (appellants) and each of them has failed and refused, and still fail and refuse to comply with said agreement in that they have failed and refused to pay the balance of the purchase price in amount of $1,581.99, together with interest thereon at the rate of seven per cent per annum from November 1, 1940. It is alleged that no part of said balance has been paid. The complaint also alleges appellants' failure and refusal to pay principal and interest on a street bond assessment levied after the making of said agreement of sale, in the amount of $95.78 and the failure and refusal of appellants to maintain fire insurance on the property, as required by the terms of the contract of sale. It is also alleged that appellants received a notice in writing of the restoration of the right of forfeiture under the contract of sale, a copy of which notice is also annexed to the complaint as an exhibit. The notice bears date of November 15, 1940, and recites that appellants are required thereby, within sixty days from the date of the service upon them of said notice, to pay all sums of principal and interest due and payable under the terms of the contract, together with the sum of $279.91 paid out by respondents for taxes, assessments and insurance on said real property during the years 1935 to 1940 inclusive, under penalty of a declaration of forfeiture of appellants' rights under said contract. The complaint in the present action was filed August 13, 1941. Respondents also allege that they demanded of appellants possession of said real property in the month of May, 1940, and again on August 4, 1941, but that appellants have failed and refused to allow respondents to enter into possession of the property.

Appellants by their answer deny that the estate of which respondents are executors is the owner and entitled to possession of the real property in question; and while appellants do not claim full performance of the terms of the contract on the part of the purchaser or her successors in interest, appellants set up the defense of the statute of limitations as embodied in section 318 of the Code of Civil Procedure,

also invoke the provisions of section 337 of the Code of Civil Procedure, and claim title in themselves by adverse possession, as well as by virtue of the right of succession of appellant Henrietta Rodriquez as an heir of her mother, Merced Castaneda, and as assignees of a one-half interest of one of the other heirs. One of appellants' separate defenses is the nonjoinder of the other surviving children of Merced Castaneda as necessary parties. A demurrer to this latter defense was sustained without leave to amend. A demurrer to a separate defense based on the bar of the judgment in the unlawful detainer action, mentioned above, was also sustained without leave to amend. The judgment of nonsuit in the action to quiet title is also pleaded as a bar to the present action. Appellants point out in their answer that no administrator of the estate of Merced Castaneda has been appointed and claim a nonjoinder of necessary parties for failure to name the administrator of said estate as a defendant. After a trial without a jury the court found for respondents and awarded them judgment as already mentioned.

█ Appellants' principal contention on appeal is concerned with the asserted nonjoinder of necessary parties and is based upon the claim that the other heirs of Merced Castaneda were *indispensable parties* to the action. Appellants argue that the present suit, though in the form of an action in ejectment, in reality is one to try the question of title based on the contract of purchase, and the judgment of the court, deciding in effect that the contract was in default, necessarily affected the claim of all the heirs to the property.

It is true that an action in ejectment may be the means of trying title, where either party bases his right upon some claim of title. (*Craviotto* v. *All Persons,* 93 Cal.App. 346, 352 [269 P. 760].) █ It must be borne in mind, however, that in such case "the judgment becomes *res judicata* to the extent that *an adjudication of it* [title as a right to possession] *was essential to the judgment, but not otherwise."* (See *Craviotto* v. *All Persons, supra,* at p. 352.) It is apparent therefore that unless adjudication of the title or claim of the other children of Merced Castaneda was essential to the judgment in the present action, that judgment could not constitute a bar to any subsequent claim to the property asserted by the heirs who were not parties to the present suit. An analysis of the situation here presented

demonstrates that the question of appellants' claim to the property is separate and distinct from that of the claim of the other heirs, and that an adjudication of appellants' claim to possession of the property under the present action in no way affects the claim of any of the other heirs.

The complaint herein is one to recover possession of the real property because of the failure of appellants to complete the performance of the contract for the purchase of the property, as successors in interest of the purchaser. The complaint is predicated upon a demand made upon appellants for performance and the refusal of appellants to comply with that demand. By serving upon appellants a written notice of "restoration of forfeiture" respondents virtually admitted that strict performance of the terms of the contract had theretofore been waived. However, it was respondents' contention that the contract had not been fully performed, that there was still a balance due thereunder; and since appellants were occupying the property as successors in interest of the purchaser, and the time for full performance under the terms of the contract had expired, respondents notified appellants that they would require appellants to pay the balance due under the contract or forfeit appellants' rights under the said contract. In simpler language, if appellants desired to continue occupation of the premises and enjoy possession thereof, they would have to pay the balance due therefor under the terms of sale. Respondents allege in their complaint that appellants failed and refused to pay the balance or to give up possession of the property. The default upon which this action is based is necessarily that of appellants in failing to pay the balance due upon demand therefor. This default was not related to any past defaults under the terms of the contract, which respondents or their predecessors may have waived. Appellants had been asked to pay up the balance due on the property or give up possession thereof, and their failure and refusal to comply had nothing to do with the interest or rights of any of the other successors in interest of Merced Castaneda. As heirs at law the children of Merced Castaneda held their interest as tenants in common, not jointly; and the notice given could only bind those who received it. The adjudication in the present case was not in effect an adjudication that the contract was in default for failure of the purchaser or her suc-

cessors to perform the terms thereof, but was merely an adjudication of appellants' default in refusing to pay the balance claimed to be due, upon demand therefor. The other heirs and successors are not precluded thereby from taking advantage of any waiver of performance of the terms of the contract. It is thus demonstrated that the interest of appellants is separable in this respect from that of the other heirs.

*Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879] at 522, makes clear the distinction between ''necessary'' and ''indispensable'' parties. ''Where . . . the plaintiff seeks some . . . type of affirmative relief which, if granted, would injure or affect the interests of a third person not joined, that third person is an indispensable party. Thus, in an action by a lessor against a sublessee to forfeit a parent lease because of acts of the sublessee, the sublessors (original lessees) were indispensable parties, since a decree of forfeiture would deprive them of their lease. (*Hartman Ranch Co.* v. *Associated Oil Co., 10 Cal.2d 232, 262 [73 P.2d 1163].) And in a suit to cancel illegal registration of voters, all voters whose registration was challenged were indispensable parties. (*Ash* v. *Superior Court,* 33 Cal.App. 800 [166 P. 841].) . . . .

''All of these persons are, of course, 'necessary' parties, but the decisions show that they come within a special classification of necessary parties, to which the term 'indispensable' seems appropriate. An attempt to adjudicate their rights without joinder is futile. . . .

''The other classification includes persons who are interested in the sense that they might possibly be affected by the decision, or whose interests in the subject matter or transaction are such that it cannot be finally and completely settled without them; but nevertheless their interests are so separable that a decree may be rendered between the parties before the court without affecting those others. These latter may perhaps be 'necessary' parties to a complete settlement of the entire controversy or transaction, but are not 'indispensable' to any valid judgment in the particular case.''

Such is the situation presented here. The entire controversy existing between respondents and the heirs at law of Merced Castaneda is not settled by the suit in ejectment against appellants. It has merely been determined that if

appellants desire to occupy and enjoy the premises they must pay the balance due on the purchase thereof. The status of the contract and any waiver of strict performance of its terms, with relation to the other heirs, remains undetermined and unaffected by the judgment in the present action. The facts in *Bank of California* v. *Superior Court, supra,* are analogous to those presented here. In that case an action was brought to enforce the provisions of an alleged contract by which decedent agreed to leave her entire estate to the plaintiff. The complaint named as parties defendant the executor and all of the beneficiaries under the will, and prayed for a decree adjudging that plaintiff was, by virtue of the agreement, the owner of the entire estate of the decedent after payment of debts and expenses. However, all of the defendants were not served and only those served appeared. At the opening of the trial a motion was made under section 389 of the Code of Civil Procedure for an order to bring in the other defendants, and to have summons issued and served upon them. The motion was made on the ground that all the other defendants were ''necessary and indispensable parties'' to the action, and that the court could not proceed without them. The motion was denied by the court and an application was then made for a writ of prohibition to restrain the trial until these other parties should be brought in. The matter came before the Supreme Court upon the application for the writ. It was there held that the action in such a case is against the distributee personally and not against the estate and that each distributee is individually held as a constructive trustee solely of the property which came to him, and none is interested in the granting or denial of similar relief as to any other. It was accordingly decided that the defendants not served were not indispensable to a disposition of the case against the parties before the court, though these other defendants were necessary parties in the sense that the main issue, the validity of the testamentary disposition of the property of decedent, affects their property interests, and the entire matter, the disposition of all of the decedent's property, cannot be finally settled without a binding adjudication for or against every legatee or devisee. It should also be pointed out that the Supreme Court arrived at its decision through a holding that the action by the promisee under the alleged agreement was in effect one to impose a

constructive trust upon any particular property in the hands of the individual distributee. Since the case was before the Supreme Court on an application for a writ of prohibition the court expressly refrained from discussing the question whether the lower court's denial of the motion to bring in the absent defendants was, under the circumstances, an abuse of discretion.

The question of an abuse of discretion upon the part of the trial court is likewise not presented in the case at bar. The nonjoinder of parties defendant was raised by affirmative defense in the answer to the complaint. To constitute a defense to the action the parties not joined must be indispensable parties. (*Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537 [18 P. 658, 9Am.St.Rep. 245]; *De Leonis* v. *Hammel*, 1 Cal.App. 390 [82 P. 349]; 20 Cal.Jur. 576, Parties, sec. 56.) Upon the pleadings as drawn it follows, therefore, that the demurrer to this defense was properly sustained. The record does not reveal that any motion was thereafter made to bring the other heirs before the court as necessary and proper parties and the discretion of the court in this regard was hence not invoked.

Appellants contend that respondents' action is barred by the provisions of section 318 of the Code of Civil Procedure, which reads: "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action." Appellants state that according to the complaint respondents had not been seised of the property since 1923. However, respondents as the owners of the legal title to the property met the requirement of seisin or possession as section 318, *supra,* is construed. "The requirement of seisin or possession is met when it is established that the plaintiff was possessed of legal title, and this seisin can be destroyed only by establishing the fact that a title by adverse possession was acquired by the defendant." (16 Cal.Jur. 434, sec. 43; *Westphal* v. *Arnoux*, 51 Cal.App. 532, 534 [197 P. 395]; sec. 321, Code Civ. Proc.) The authorities cited by appellants in this connection are not applicable to a situation where legal title in the plaintiff was indisputably established. Appellants contend that equitable title to the property was

in Mrs. Castaneda at the time of her death, citing *Forst* v. *Carr*, 48 Cal.App.2d 718 [120 P.2d 119]. That case is distinguishable on the facts. In the Forst case the property in question was given to a real estate agent as compensation for his services rendered. The agent went into possession, fenced the land and paid the taxes. The agent had done all that was necessary to entitle him to the property. No claim was ever made by the grantor or his immediate successors to the land in question, and it was held that ejectment could not have been maintained by any of them in view of their concession of the agent's rights. Such a situation is quite distinct from that of a purchaser or his successors under an executory contract of sale. The record fails to establish that the terms of the contract were fully performed at Mrs. Castaneda's death or at any time thereafter. Such equity as Mrs. Castaneda had in the property at her death was subject to defeat upon failure to perform the terms of the contract of purchase. Furthermore, appellants clearly failed to establish adverse possession upon their part and that of their predecessor in interest. ▪ It was definitely established that appellants and their predecessor did not pay all the taxes which had been levied and assessed upon the land in question. Respondents at least appear to have paid all the taxes since the date of Mrs. Castaneda's death. This fact alone was sufficient to defeat appellants' claim of adverse possession. (Sec. 325, Code Civ. Proc.) ▪ Respondents were entitled to the presumption of possession within the required five years under section 321 of the Code of Civil Procedure.

▪ There is no merit in appellants' contention that the court refused to make a proper finding of possession on the part of respondents. The trial court found that there was an unpaid balance due on the agreement, that appellants had refused and failed to pay the same and that the estate of Etta Goss McKelvey was the owner and entitled to possession of the property. If the findings in this respect were in any degree defective or incomplete, this court upon the evidence adduced below would be justified in making additional findings in respondents' favor upon the question, pursuant to the provisions of section 956a of the Code of Civil Procedure.

▪ Appellants complain that the court made no finding as to the interest of the other heirs of Mrs. Castaneda. As already pointed out above, no such finding was necessary

as the interest of these heirs was not directly involved in the present action. █ It is also contended that there is no finding of when the default occurred; but even if there were no express finding on this point, there is at least an implied finding that the default occurred when appellants failed and refused to pay the balance due under the contract or give up possession of the property.

█ A simple mathematical computation is sufficient to refute appellants' contention that the court erred in finding the sum of $337.50 damages for withholding the property in question. $15 per month was established as the reasonable rental value of the property and the court so found. The court also found that appellants had wrongfully withheld the propery from June 1, 1940. From all that appears in the record the property continued to be withheld through the date of judgment and would appear to be still occupied by appellants. The findings and conclusions were dated April 24, 1942. Damages in ejectment "run from the time of the ouster if not prior to the accrual of plaintiff's right, through the period of the withholding, and up to the time of the rendition of the judgment, except during any period when the defendant's possession was by permission of the plaintiff, and not exceeding five years next preceding the commencement of the action." (9 Cal.Jur. 1029, Ejectment, sec. 40. In this connection also see § 3334 and § 3283, Civ. Code.) If there was any error in computation it was in favor of appellants. The period for which damages are properly assessed does not end with the commencement of the trial, as appellants appear to contend.

█ Appellants' contention with regard to findings on the subject of taxes, special assessments and insurance are based upon an assumption that there was nothing further due under the contract after Mrs. Castaneda's death. Such an assumption is not warranted by the evidence. Although the evidence as to payments under the contract was conflicting it amply supported a finding that there was still a balance due; and, as already pointed out, appellants did not contend at the trial that the contract was fully performed on the part of the purchaser and her successors in interest. Appellants are not warranted in taking a position that they are strangers to the contract and that it is thus sought to forfeit the con-

tract because strangers thereto committed a supposed breach of the same. Appellants admittedly entered into possession of the property as successors in interest to the purchaser under the contract. As already indicated, if there was any failure to find on material issues this court would be justified, upon the evidence presented, in remedying that defect through additional findings in favor of respondents. Appellants' contention that the complaint fails to state a cause of action has already been answered by what has already been said herein. ▮▮▮ A contention that the money judgment was excessive merely constitutes a repetition of the point regarding the error claimed to have been committed in computing the damages for withholding the property.

The evidence supports the findings and the findings support the judgment; and for the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied March 20, 1943, and appellants' petition for a hearing by the Supreme Court was denied April 19, 1943.