[Civ. No. 16003. First Dist., Div. Two. Oct. 20, 1954.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Administrator With Will Annexed, etc., Respondent, v. MAE O'SHIELDS, Appellant.

Hood, Johnstone & Hansen for Appellant.

Francis C. Starr and Wagener & Brailsford for Respondent.

NOURSE, P. J.—This is an action to quiet the title of the estate of Mary Laura Coffey, deceased, to certain real and personal property, instituted by the Bank of America as administrator with the will annexed of said estate against Mae O'Shields, a half-sister of deceased, who took possession of said property at decedent's death. Defendant by answer claimed title in herself stating seven separate defenses and counterclaims in which her alleged right was variously based on written agreements made in 1946 that defendant would have all of decedent's property at decedent's death in consideration of defendant giving up her home and employment in South Carolina and coming to California, on estoppel created by writing to similar effect, and on trusts of all said property created by decedent in writing in defendant's behalf. The court, sitting without a jury, found in substance that an agreement made between decedent and defendant in 1946 required the latter, as consideration for decedent's promises to leave her all her property by will, not only to come to California, but also to live with decedent and furnish her

with companionship and care during decedent's lifetime, that defendant did not perform her part of the agreement and that both parties regarded the contract as having been abandoned prior to decedent's death. The court quieted title in the administrator and defendant appeals.

Appellant's first contention, that there was no evidence to support the finding that the agreement required defendant to furnish care and companionship during defendant's lifetime is without merit. It was difficult to ascertain the exact terms of the agreement, if any, as defendant testified that the letters of decedent which according to defendant constituted the written agreement had been lost. ■ The requirement of care during the promisor's lifetime found by the court is normal in that kind of agreement (*Smith* v. *Smith*, 126 Cal.App.2d 194, 197 [272 P.2d 118]; *Chahon* v. *Schneider*, 117 Cal.App.2d 334, 336 [256 P.2d 54]) and an agreement alleged by defendant requiring her to come to California only without any requirement to stay there or to do anything for decedent would be wholly without value for the promisor and therefore most improbable. Such an agreement, even if concluded, would not be subject to quasi specific enforcement for lack of definiteness and fairness. (*Parsons* v. *Cashman*, 23 Cal.App. 298 [137 P. 1109, 1111]; *Baumann* v. *Kusian*, 164 Cal. 582, 587, 589 [129 P. 986, 44 L.R.A.N.S. 756].) ■ Several witnesses, called by defendant herself, testified that the requirement was that she should come to California "and live with her"; "to stay with her"; "to stay and take care of her." The witness Inez Plouff used the language "to come out and take care of her for the rest of her life—Mrs. Coffey's life." The finding is therefore sufficiently supported.

■ Next appellant contends that the evidence shows that she substantially performed the obligation to furnish care and companionship for decedent and that further performance was excused by the attitude of decedent. Appellant ignores the finding of the court that the contract was abandoned by both parties. It is undisputed that in the 52½ months between the agreement in 1946 and the death of decedent in May, 1951, appellant spent only 7½ months with decedent, 20 months being spent in California in the service of others and 25 months outside California and that when in 1950 or 1951 Mrs. Coffey told appellant that she wished to change her testament so as to leave appellant only $600 appellant according to her own testimony said: "Well, all right.

. . . The will is yours . . . You can do as you please with it . . . I'd rather hear you say that you was ready to die than to hear you say that you'd give me this house and everything in it.'' These facts support the finding of mutual abandonment of the agreement by the parties. It is then irrelevant what led to the abandonment.

In the third place appellant complains of certain allegedly erroneous rulings of the court as to evidence which according to her resulted in a miscarriage of justice. They have in common their lack of importance and of substantial prejudice which circumstances would prevent à reversal even if there were error. It is claimed that in two instances after an objection of plaintiff was sustained, the court struck the answer already given although plaintiff had made no motion to that effect. ■ Although it is not reversible error not to strike under the circumstances (*Park* v. *Orbison,* 43 Cal.App. 74, 79 [184 P. 428]) appellant does not cite any authority, and we do not know any, which holds that it is error for the court to strike the objectionable evidence on its own motion. ■ The failure to rule on defendant's objection to a question asked by plaintiff on the ground that it was leading cannot have been prejudicial because the subject matter was completely devoid of importance so that appellant does not even state it. ■ Defendant also objected, as immaterial and leading, to the questions: ''Now Mrs. Doran, during all of the time that you knew Mrs. O'Shields, did she ever in any conversation with you mention anything about any letters that she had received from Mrs. Coffey, asking her to come out here?'' but the negative answer was not stricken notwithstanding defendant's motion to do so. The questions could have no other purpose than to induce the inference that defendant had not received such a letter. As the court found that such letters had been received and had constituted a contract between the parties the answer cannot have had any prejudicial effect. ■ Finally appellant complains of a ruling which excluded evidence that the decedent had said to a witness that her will dated August 7, 1947, left all her property to defendant. As the will is in evidence, the court found that the agreement to will all property to defendant had been abandoned and defendant testified that she told decedent at a later date that she did not wish to have the property willed to her, as stated above, any representations made by decedent as to the contents of her earlier will seem wholly immaterial. ■ Appellant further contends that the court erred in failing to make the devisees and legatees of decedent parties

to the action because they were necessary parties to said action after defendant in her affirmative defense allegedly sought to impose a constructive trust on the property of the estate. This is not so. The action was one for the recovery of real and personal property and its possession and to quiet title and the defendant's prayers were of the same character. Section 573, Probate Code, expressly provides that such actions may be maintained by and against an executor or administrator. Appellant did not ask to have any trust imposed or any third person made a party to the action. ▮ Even in an action to impose a constructive trust based on an alleged agreement to leave the entire estate by will all devisees and legatees, although directly interested, are not indispensable parties and the decision whether to make them parties is in the discretion of the trial court. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516, 524 et seq. [106 P.2d 879].) Appellant who did not ask that they be made parties cannot then complain that the court did not do so on its own motion. (20 Cal.Jur. 535; compare *McKelvey* v. *Rodriquez,* 57 Cal.App.2d 214, 223 [134 P.2d 870].)

▮ Appellant also contends that under section 581, Probate Code, the administrator after the time to present claims had expired was not entitled to recover possession of any property in defendant's possession, without proving that it was necessary for the payment of debts or legacies or of expenses of administration accrued or for distribution to some other heir, devisee or legatee entitled thereto. The cited section protects the possession only of "any heir who has succeeded to the property in his possession, or from any devisee or legatee to whom the property has been devised or bequeathed, or from the assignee of any such heir, devisee or legatee." Appellant did not plead in the court below, or make any showing on appeal, that she had succeeded as an heir to the property of which she took possession, or that any of said property was specifically or necessarily devised or bequeathed to her in the will admitted to probate or that she was the assignee of one who had acquired it in such manner. The provision cited will then not restrict the power given to the administrator in section 573, Probate Code. (Compare *Security-First Nat. Bank* v. *Perrine,* 29 Cal.App.2d 223 [84 P.2d 248].)

▮ Appellant claims that she was erroneously ordered to account to plaintiff for $40 per month as rental value of the part of the real property occupied by her from the date of the death to the time she ceases to occupy the premises, as

no demand was made on her and she should not be forced to pay damages over the period preceding the institution of the action, 6 months after the death. Damages for withholding of real property are normally combined with the action for recovery of the property. No demand is required except between landlord and tenant not here involved. (9 Cal.Jur. 980.) ▇ The damages are equal to the rental value and run with exceptions not here involved through the whole period of withholding. (*McKelvey* v. *Rodriquez, supra,* 57 Cal.App.2d 214, 225.) Any demand would moreover have been idle as appellant who asserted and still asserts a right to the property and its possession would not have given up her possession on demand.

Appellant contends that no accounting to plaintiff for all rents, issues and profits of the property withheld was required because appellant allegedly had introduced sufficient evidence as to this matter at the trial. Evidently the court did not think the evidence introduced of sufficient weight and finality to base on it a judgment for a specific amount and appellant does not show that the evidence introduced by her was sufficient in that respect as a matter of law.

▇ Finally appellant complains of the failure of the court to find on the issue of constructive trust, declaration of trust, agreement to create a trust and estoppel of plaintiff to obtain possession, all allegedly raised by defendant's affirmative defenses. All said defenses stated that the legal effect alleged was reached in writing. No writing to any such effect was introduced and testimony was introduced only with respect to certain allegedly lost writings of which the court found that they constituted a certain agreement which was abandoned by the parties. As the judgment was for plaintiff said finding as to the true contents of said letters was evidently intended to negative all alternative legal effects of said letters alleged in other defenses and counterclaims. When the court found that those writings constituted an agreement to leave by will for a certain consideration which was not given, there was no room for a declaration of trust independent of such agreement in the same writings and no sense in considering them as creating an estoppel only. ▇ A full finding on the contents of a writing is an implied negation of allegations inconsistent therewith and no express negative findings are required. (Compare 24 Cal.Jur. 976; *Metcalf* v. *Hill,* 97 Cal.App. 597, 599 [275 P. 994]; *Haigler* v. *Donnelly,* 18 Cal.2d 674, 678 [117 P.2d 331]; *Scott* v. *Symons,* 191

Cal. 441, 456-457 [216 P. 604].) Moreover appellant does not point out any evidence on which a finding favorable to her with respect to any such alternative legal effect could have been based. █ A judgment otherwise supported by the findings will not be reversed for failure to find upon an affirmative defense, where no showing is made on appeal that evidence was introducd sufficient to support a finding in favor of said defense. (*Estate of Barclay*, 152 Cal. 753, 758 [93 P. 1012]; *Delanoy* v. *Delanoy*, 216 Cal. 23, 27 [13 P.2d 513]; *Winslow* v. *Gohransen*, 88 Cal. 450 [26 P. 504].)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.