CARROLL, DONALD K., Chief Judge.
The plaintiffs in an equity suit have appealed from a final decree entered by the Circuit Court for Putnam County establishing a public easement and private way of necessity across their and the defendants’ lands.
Six married couples, who own lands which are cut off from the nearest state road by the property owned by the defendants Reynolds, filed a suit in that court to enjoin the said defendants from closing a dirt road running over their lands from the plaintiffs’ property to the state road. A few days later the chancellor issued a temporary injunction compelling the said defendants to remove from the said dirt road certain posts driven in the roadway. Subsequently, the court, on its own motion, ordered that R. B. Barber, Gordon Partlow, and their wives be joined as parties defendant in addition to the original defendants, Reynolds and his wife.
After the taking of testimony the Circuit Court entered its final decree holding that no right of way or easement by claim or prescription existed over and across the lands of the defendants Reynolds as alleged in the complaint and that the plaintiffs had no way of ingress and egress to their “hemmed in property.” The court then decreed that the defendants Barber, the original grantors of the lands owned by the plaintiffs and the defendants Reynolds and Partlow, were “presumed by law to have reserved right of way for ingress and egress over the said lands for the benefit of the several Grantees, and it remains for the Court to determine the location, width and direction of said right of way. * * * ” The court then went on to decree “that an easement sixty feet in width, for the use and benefit of the several parties to this litigation and the public generally be *782 hereby declared and dedicated over and across” certain described land, the said easement running 1320 feet across the lands owned by the plaintiffs and the defendants to the said state road.
This sixty-foot-wide public road thus declared and dedicated by the court in the final decree was. about 210 feet north of the dirt road described in the complaint and shown in the evidence to have existed in favor of the plaintiffs for approximately eight years or more.
No authority — statutory or court decision or otherwise — is cited in the final decree as the basis for a Circuit Court under such circumstances as exist here, to establish a public road over lands privately owned, and no such authority is cited in any brief on this appeal.
The common-law rule of an implied grant of a way of necessity has been recognized and adopted by statute in Florida. Subsection (1) of Section 704.01, Florida Statutes 1959, F.S.A., provides as follows:
“Implied grant of way of necessity: The common law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted and clarified. Such an implied grant exists where a person has heretofore or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the State or United States, the right of dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion or otherwise.”
Under the circumstances in this case and upon the finding by the Circuit Court that the lands of the plaintiffs are hemmed in, the court was authorized by the quoted statute to recognize and declare the existence of an implied grant of a way of necessity in favor of the plaintiffs over and across the land owned by the defendants. The quoted statute clearly contemplates a private, but not a public, road, and we are of the opinion that the court exceeded its authority in declaring the existence of the public road. In addition, we think that the statute clearly contemplates that such a way of necessity be of a reasonable length and width, consistent with the needs of the owners of the lands that are hemmed in. We find nothing in the record that would justify the declaring of a road as wide as sixty feet, as is the public road declared and dedicated in the final decree on this appeal.
Reading the final decree as a whole, we are inclined to believe that the court, in vacating and setting aside the temporary injunction it had previously issued to require the defendants Reynolds to remove the obstructions they had placed on the dirt road, had in mind the main provision in its final decree establishing the public road discussed above. Clearly, if the plaintiffs had available to them the sixty-foot-wide public road running from their land across the land of the defendants and to the state highway, there was little point in commanding the defendants Reynolds to remove the obstructions on the old dirt road. Because these provisions of the final decree are so closely integrated together, we hold that the entire decree must fall when we reverse the decree because of the invalidity *783 of the main provision establishing the mentioned public road.
Our conclusion is that the final decree appealed from must be and it is reversed and the cause remanded with directions for further proceedings consistent with the views herein expressed, including the reinstatement of the said temporary injunction until such time as there shall become available for the use of the plaintiffs an adequate way of necessity from their hemmed-in lands to the said state road.
Reversed and remanded with directions.
STURGIS and WIGGINTON, JJ., concur.