161 So.2d 893 (1964)
J.B. WALKUP, Jr., Appellant,
v.
Leon B. BECKER and his wife, Lenora Willingham Becker, Appellees.
No. E-358.
District Court of Appeal of Florida. First District.
March 24, 1964.
Milbrath & Walkup, Ocala, for appellant.
Greene, Ayres, Swigert & Cluster, Ocala, for appellees.
CARROLL, DONALD K., J.
The plaintiff in an action seeking a common-law way of necessity for egress and ingress to his land has appealed from a final decree entered by the Circuit Court for Marion County, dismissing his complaint and cause with prejudice.
The ultimate question before us for determination on this appeal is whether the chancellor abused his discretion in so dismissing the plaintiff's complaint and cause.
The said decree was entered at a final hearing on the plaintiff's complaint, the defendants' answer, the answers to interrogatories and the admissions by the defendants, the evidence presented by the plaintiff, and the testimony of one defense witness. At the close of the plaintiff's presentation, the defendants moved, pursuant to Rule 1.35 (b), Florida Rules of Civil Procedure, 30 F.S.A., for a dismissal on the ground that the plaintiff had failed to show his right to the relief which he sought. After making certain findings from the evidence, the chancellor granted the said motion and dismissed the plaintiff's complaint and cause with prejudice.
In his findings of fact incorporated into his final decree the chancellor found from the plaintiff's evidence that the latter for several years past had been using "a long-established road" running north from his land "as a means of ingress and egress from his land without any interference in plaintiff's use of said old road by any one * *" and that "said old road has been open and in use for forty-five years last past. * * *" The chancellor then found that upon the facts and the law the plaintiff had no right to the relief prayed for in his complaint.
At common law a way of necessity was an easement arising from an implied *894 grant or implied reservation. Its rationale was that, whenever a party conveys property, he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of the land he still holds. 17 Am.Jur., Easements, Sections 58-65. Thompson on Real Property, Sections 390 and 392. This common-law way of necessity is specifically recognized and adopted in Sec. 704.01(1), Florida Statutes, F.S.A., as follows:
"(1) Implied grant of way of necessity: The common law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted and clarified. Such an implied grant exists where a person has heretofore or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the State or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion or otherwise."
The word "practicable," as used in the above statute, is defined in Sec. 704.03, as follows:
"That for the purposes of this chapter the word `practicable', as used in § 704.01, shall be held and construed to mean `without the use of bridge, ferry, turnpike road, embankment or substantial fill'."
At the said final hearing the plaintiff's evidence, together with the answers to interrogatories and admissions by the defendants, and the testimony of one defense witness, established the following pertinent facts:
On November 4, 1954, the plaintiff purchased from the defendants 82 acres of land in Marion County, Florida, being a part of a larger tract owned by the defendants. No part of the plaintiff's land fronted on any public road and his land was completely "land-locked," being surrounded on the east and south by other land owned by the defendants and on the north by land owned, at the time this suit was filed, by one Hovada. There was no evidence that the plaintiff had access to a public road to the west.
Another adjoining landowner was one Hatchett, whose land lay directly east of Hovada's land and north of the defendants'. The 82 acres thus purchased by the plaintiff was literally inaccessible from any public road except by travelling across the property of one of the said landowners. A public road ran along the northern boundary of Hovada's and Hatchett's said lands and another public road along the southern boundary of the defendants' said remaining lands.
Nevertheless, at the final hearing in the instant case, the chancellor held that the plaintiff was not entitled to the relief prayed for in his complaint  that is, granting to him of a common-law way of necessity of egress and ingress to his land over and across the lands of the defendants  because the chancellor stated in his final decree, for seven years last past the plaintiff had been using a "long-established road" running north from his land as a means of ingress and egress from his land "without any interference in the plaintiff's use of said old road by anyone * * *" and because *895 the "said old road has been open and in use for forty-five years last past. * * *"
In so finding and holding, the court apparently overlooked the effect of the words "reasonable and practicable" in the fourth sentence of Section 704.01(1), Florida Statutes, F.S.A., quoted above, which sentence reads: "Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved." As also quoted above, the word "practicable" is defined in Section 704.03 to mean "without the use of bridge, ferry, turnpike road, embankment or substantial fill."
The "long-established road" and the "old road" mentioned by the court in the final decree of dismissal was the road which the witnesses at the hearing usually referred to as the "Old Lane." Their uncontradicted testimony was that during and immediately after the rainy periods of each year that road was impassable and often under several feet of water. Even the one witness for the defendants (whose testimony was received out of order pursuant to a stipulation of counsel for all parties) testified candidly on cross-examination that "* * * it would be times that you got to swim a horse down there when it gets real wet." In our opinion, the inevitable conclusion from such uncontroverted testimony is that the said road was not reasonably or practicably usable by the plaintiff without at least "embankment or substantial fill," to use the words in Section 704.03. By force of the said statutes, therefore, we think that the plaintiff's evidence made out a prima facie case that an implied grant or easement arose in his favor because the evidence established that there was "no other reasonable and practicable way of egress or ingress" and the same is "reasonably necessary for the beneficial use or enjoyment" of the land which the plaintiff had purchased from the defendants. The evidence also satisfied the other requirements for a way of necessity as set forth in Sec. 704.01(1).
An additional facet of this case is that, even if the evidence had shown (and it did not) that the said "Old Lane" had been reasonably and practicably usable by the plaintiff as a means of ingress and egress to and from his said land, the evidence further showed that he had to trespass upon the northwest corner of the defendants' said remaining property in order to reach the said road from his land. Compare our decision in Hayes v. Reynolds, 132 So.2d 781 (1961), in which we held that Section 704.01(1) "clearly contemplates that such a way of necessity be of a reasonable length and width, consistent with the needs of the owners of the lands that are hemmed in."
The final decree appealed from is reversed and the cause is remanded with instructions for further proceedings consistent with the views herein expressed.
Reversed and remanded.
STURGIS, C.J., and WIGGINTON, J., concur.