180 So.2d 682 (1965)
Walter B. REDMAN, Appellant,
v.
Homer M. KIDWELL et al., Appellees.
No. 6259.
District Court of Appeal of Florida. Second District.
November 23, 1965.
Rehearing Denied December 23, 1965.
*683 Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Wylie & Belcher and Bussey, Simmons & Owen, St. Petersburg, for appellees.
ANDREWS, Judge.
Walter B. Redman, the plaintiff, appeals an interlocutory order granting Homer M. Kidwell, et al., defendants' motion to dismiss both counts of an amended complaint. Plaintiff has amended Count II and the appeal is directed only to the dismissal of Count I.
Count I of the amended complaint alleges (1) that plaintiff is the owner of certain real property lying north of the Homosassa River; (2) that there is no public road into the property; (3) that the nearest public road to plaintiff's property is State Road No. S 490-A, which is northwest of the property; (4) that plaintiff does not own property contiguous to his property which borders upon any public road; (5) that plaintiff has no means of ingress or egress to his property; (6) that defendants are the owners of property lying between plaintiff's property and SR 490-A; (7) that title to plaintiff's and defendants' property was formerly vested in Florida West Coast Development Co. before parts of it were conveyed to various parties including plaintiff and defendants; (8) that plaintiff has requested defendants to allow him reasonable ingress and egress to and from his property, but this has been denied; (9) that it is necessary for plaintiff to have a way of access to his property in that he desires to construct a dwelling thereon but cannot do so until his right to a reasonable and practicable way of ingress and egress has been established. The said count of the complaint prayed for a determination of a common law way of necessity over defendants' property, and as a result that the plaintiff has an implied grant of way of necessity over defendants' property by reason of F.S.A. § 704.01(1).
F.S.A. § 704.01(1) adopts the common law rule that when a grantor conveys part of his land which has no access to a public road, the grantor also grants a way across the land he retains. This "implied grant" is conditioned upon unity of title from a common source other than the state or United States and the inaccessibility to the land except over the land retained by the grantor. A survey attached to the complaint shows inaccessibility to plaintiff's land except over the land of the defendants and by water.
The legislature established a statutory right of the owner of land to access to a road where no practicable route of egress or ingress was available by Chapter 7326, Laws of Florida, 1917. This Act was held unconstitutional in that it constituted a deprivation of private property without due process of law. South Dade Farms, Inc. v. B. & L. Farms Co., Fla. 1952, 62 So.2d 350.
Said chapter was amended by Chapter 28070, Laws of Florida, F.S.A. Chapter 704, 1963, to include an adoption of the common law rule of implied grant of way of necessity as well as by adoption of a means of establishing a statutory way of necessity, the definition of the term "practicable" as used in the Act, a provision requiring compensation to the owner of land over which a statutory way of necessity *684 was granted, and a means of determining just compensation.
The trial court in dismissing Count I held that the plaintiff was not entitled to a common law way of necessity across the land of the defendants as a means of ingress and egress to his property. With this holding we disagree.
F.S.A. § 704.01(1) adopts the common law rule of an implied grant of a way of necessity "where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved."
F.S.A. § 704.01(2) provides for a statutory way of necessity where no common law right exists across the land of another where "no practicable route of egress or ingress" is available to the nearest public or private road.
F.S.A. § 704.03 defines "practicable" as used in F.S.A. § 704.01 to mean "without the use of bridge, ferry, turnpike road, embankment or substantial fill."
For centuries rivers, lakes, seas and oceans provided the principal means of transportation. Land accessible to such bodies of water developed more rapidly and substantially than did lands without such advantages. However, with the development of efficient means of overland transportation by railroad and more recently by the automobile and our great system of roads and highways, means of ingress and egress by water have become less and less necessary and desirable.
In applying common law principles to present day problems we must take into account changing conditions to the extent that today access to a parcel of land by boat over water, although reasonable and practicable a century ago, is not so today.
To hold otherwise would require us to adhere to the strict necessity rule, and hold that access by water prevents the recognition of the implied grant of necessity. There has been a trend for many years away from the strict necessity rule toward the practicable necessity rule. Sec. 32 Boston U.L.Rev. 354 (note) and Thompson Real Property, 1961, at pages 441-42.
The Florida Courts have not had the question here presented squarely before them, but in a number of cases have clearly indicated a preference for the rule which recognizes the common law way of necessity if necessary for the reasonable, practicable, convenient and comfortable enjoyment of the property. See Guess v. Azar, Fla. 1952, 57 So.2d 443; Joyner v. Andrews, Fla.App. 1962, 137 So.2d 870; Walkup v. Becker, Fla.App. 1964, 161 So.2d 893.
We, therefore, hold that practicable necessity entitles the plaintiff to a means of ingress and egress across the land of the defendants.
Reversed.
SHANNON, A.C.J., and MORROW, RUSSELL O., Associate Judge, concur.