198 So.2d 843 (1967)
Lily Theo MOORE, Appellant,
v.
Albert MUSA and Luz D. Musa, His Wife, and Ethel M. Liles, an Unremarried Widow, Appellees.
No. 66-504.
District Court of Appeal of Florida. Third District.
May 9, 1967.
Rehearing Denied June 7, 1967.
*844 John W. Prunty, Miami, for appellant.
James F. Pollack, Hendricks & Hendricks, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal by the plaintiff, Lily Theo Moore, from a final decree entered by the chancellor after granting defendants' motion to dismiss with prejudice upon the completion of the presentation of plaintiff's evidence.
*845 Plaintiff instituted this suit by filing a complaint to quiet title. In 1898, John B. McKenzie, the father of the plaintiff, acquired title from the United States of America to all of the property underlying what is now the McKenzie Subdivision and Harwood Second Addition to Riverside Farms. This patent included the N.W. 1/4 of Section 3, Township 54 South, Range 41 East.
Some time prior to 1916, Mr. McKenzie conveyed property commencing 660 feet West of the N.E. corner of the above mentioned N.W. 1/4. On April 7, 1916, the property was platted Harwood Second Addition to Riverside Farms and recorded in Plat Book 4, Page 29, Public Records of Dade County.
On October 6, 1923, Mr. McKenzie placed on record the plat of McKenzie Subdivision. This plat included property in the East 1/2 of the N.E. 1/4 of the above mentioned N.W. 1/4. The N.W. 1/4 was an oversized section, consequently, the Harwood plat did not fall completely within the West 1/2 of the N.E. 1/4 of the N.W. 1/4 but extended 12 feet into the East 1/2. As a result, this East 12 feet was included in the plat of the McKenzie Subdivision creating an overlap of the two plats. Regulations in force in 1923 did not require that the surveyor check to avoid overplats.
The plaintiff received warranty deeds to Lots 4 and 5 of Block 2 in the McKenzie Subdivision in 1931 and 1936. The rear line of these lots form a portion of the western boundary of the McKenzie Subdivision. The defendants claim title to Lots 2, 3 and 4 of Block 2 of Harwood Second Addition to Riverside Farms, which lots are immediately to the rear of plaintiff's property. The defendants-Musa received title to the overlapping property in Lots 2 and 3, which is the major portion of the property in dispute, by virtue of a quit-claim deed from Lillian Joie Bergen, individually and as executrix of the estate of Edna Brewer Bergen, and from the heirs of said Edna Brewer Bergen. The defendant-Liles received title to Lot 4 by virtue of a warranty deed which included a small portion of the overlap approximately 12 feet in width and 9 feet in length.
In 1963, the plaintiff was served by a complaint in ejectment instituted by Edna Brewer Bergen, seeking to oust plaintiff from the overlapping property insofar as it affected Lots 2 and 3 of Block 2 of Harwood Second Addition to Riverside Farms. This ejectment action terminated with a summary final judgment in favor of the plaintiff herein. In the summary final judgment, the court found that the plaintiff herein had possession of the overlapping strip and that the plaintiff and her predecessor in title had maintained a hedge along the westernmost boundary of the disputed strip for at least twenty years prior to the commencement of the ejectment action and had asserted some degree of possession over the disputed strip for a like length of time. The court further found that the statute of limitations, specifically §§ 95.12 and 95.14, Fla. Stat., F.S.A., was a good and valid defense to the action of ejectment and that the plaintiff was entitled to a judgment as a matter of law.
In entering the decree herein appealed, the chancellor found that it has been conclusively shown that defendants are the legal title holders of the disputed land and that the plaintiff has failed to show that she has title to said disputed land or that she has adversely possessed any portion of said land sufficient to vest legal title in her and to divest the defendants of their title therein.
Plaintiff's claim to the overlapping strip of land is based upon the doctrine of adverse possession under color of title.
Plaintiff contends that the defendants-Musa are barred by the doctrine of res judicata or estoppel by a judgment from contesting plaintiff's claim to quiet title.
Defendants-Musa assert that they are not barred from defending the quiet title *846 action by the decision in the prior ejectment suit because the nature of the ejectment suit was to try the rights of the parties to possession and not title.
While it is true that an ejectment suit is essentially a possessory action, it may become a means of trying title where either party bases his right upon some claim of title.[1] In such a case, the judgment becomes res judicata to the extent that an adjudication of title is essential to the judgment.[2]
The former ejectment action was brought by a predecessor in title of the defendants-Musa. The action was based on a claim of title. The answer alleged, among other things, adverse possession under color of title and that the action was barred by the statute of limitations, § 95.14 Fla. Stat., F.S.A.[3] The court granted a motion for summary judgment on the ground that the action was barred by the statute of limitations. In addition to the findings of the court in the ejectment action, as stated above, the court expressly deemed it unnecessary to make any findings as to the existence or nonexistence of adverse possession in the plaintiff herein. The judgment was not appealed.
The requirement of seisin or possession is met when a party is possessed of legal title, and this seisin can only be destroyed by establishing the fact that the other party acquired title by adverse possession.[4] As otherwise stated, "In order that the statute of limitations may bar one of his right to recover land it is necessary, not only that the land be in possession of another, but that such possession be `adverse' or `hostile' to the true owner.[5]"
Thus, we conclude that it was essential to the judgment in the ejectment action that the court find that the predecessors in title of defendants-Musa did not possess legal title to the disputed strip within seven years before the commencement of the ejectment action; and, that the plaintiff herein acquired title by adverse possession. This is so even though the court expressly deemed it unnecessary to find the existence of adverse possession. Because of this the judgment may have been subject to direct attack. However, it will not void a final judgment of a court of competent jurisdiction.
As the judgment has become final, the issues necessary to sustain the judgment can not be relitigated in this quiet title action based on the doctrine of res judicata.
Plaintiff next contends that her evidence was sufficient to warrant judgment against the defendant-Liles and withstand a motion to dismiss.
Plaintiff argues that her evidence fully satisfies the statutory requirements for *847 adverse possession under color of title, §§ 95.16, 95.17, Fla. Stat., F.S.A.
To be effective as color of title, an instrument must purport to convey the land involved and contain a proper description by which the property may be identified.[6] Color of title means only an apparent or semblance of title as opposed to actual title.[7]
The warranty deeds conveying the property to the plaintiff in 1931 and 1936 conveyed property described as Lots 4 and 5, Block 2, McKenzie's Subdivision according to the Plat thereof recorded in Plat Book 9, Page 39 of the Public Records of Dade County. As found by the chancellor below, this plat erroneously included the property in dispute. Plaintiff testified that she accepted the deeds without knowledge of their defects and went into immediate possession of all the overlapping property and made improvements thereon. The deeds purporting to convey title to the disputed property and containing a proper description of the overlapping property, though defective because of want to title in the grantor, may be relied on as color or title.
Plaintiff's possession under color of title must have been actual, open, notorious, continuous and hostile for a period of seven years.
The defendants allege that plaintiff's possession was not "adverse" or "hostile" to the true owner because by her own testimony she has indicated that she did not intend to claim any more than she actually owned. However, this is not a dispute where the proper boundary line is in doubt. The dispute is over a strip of land approximately 12 feet in width and 9 feet in length to which plaintiff has color of title. Plaintiff's testimony is that she had no knowledge of the overlap at the time of its conveyance to her, but took possession as a matter of right unaccompanied by any recognition of anyone else's rights. In the absence of evidence to the contrary, this would be sufficient to establish the "adverseness" of the possession.[8]
Section 95.17, Fla. Stat., F.S.A. defines possession and occupation under color of title for the purpose of constituting an adverse possession.
Contrary to plaintiff's contention, § 95.17(4), Fla. Stat., F.S.A. concerning constructive possession does not apply in this case. "In order that this doctrine, giving one constructive possession beyond the limits of his actual occupancy, may apply, the part of the land not actually occupied by him, and the part occupied, must belong to the same person and the owner of the land is not affected with notice as of a constructive possession of his land by the fact that it is included in a conveyance with other land not belonging to him, if such other land alone is occupied by the claimant.[9]" Thus, plaintiff may not rely on the actual possession of the Musas' property in order to claim constructive possession of the Liles' property.
Statutory provisions under § 95.17, supra, as to what shall constitute actual possession of land for this purpose are:
"(1) Where it has been usually cultivated or improved; or
"(2) Where it has been protected by a substantial enclosure. All contiguous land protected by such substantial enclosure shall be deemed to be premises included within the written instrument, judgment, or decree, within the purview of § 95.16; or

*848 "(3) Where (although not enclosed) it has been used for the supply of fuel, or of fencing timber for the purpose of husbandry, or for the ordinary use of the occupant."
Plaintiff's evidence revealed that prior to 1930 her father planted a clarissa plum and a holly berry bush on the overlap in dispute between plaintiff and defendant-Liles. The clarissa plum touched the Liles house before it was trimmed back. This 9 feet by 12 feet strip is almost completely covered by shrubbery which plaintiff's evidence reveals was planted by her father. The entire area including the Musas' property and the Liles' property would be considered plaintiff's back yard. An aralia hedge maintained by the plaintiff along the westernmost boundary of the property in dispute between the Musas and the plaintiff stopped approximately 6 feet from that in dispute between Liles and plaintiff. Plaintiff testified that either she or someone she has hired has cut and trimmed the lawn and shrubbery on the overlapping property since 1931. The overlapping property has been used for parties and plaintiff constructed a concrete walk prior to 1940 which arched into the overlapping property in the Musas' strip.
By § 95.17(3), supra, land is deemed possessed for purposes of constituting adverse possession if it has been used for the ordinary use of the occupant. This has been construed to mean a use appropriate to the character and location of the property.[10]
The use of the 9 feet by 12 feet portion of plaintiff's plat in the disputed strip as a back yard, planting trees, shrubbery and other flora and maintaining same, and using the major portion of the disputed strip for parties, etc., while occupying that portion of her plat outside the disputed strip as a dwelling, is a use appropriate to the character and location of the property.[11]
We therefore hold that the granting of defendant Liles' motion to dismiss after the presentation of plaintiff's evidence was clearly erroneous.
Accordingly, that portion of the decree appealed quieting title in defendants-Musa to the property in dispute between them and the plaintiff is reversed with directions to quiet title to this strip in plaintiff. That portion of the decree quieting title in defendant-Liles to the property in dispute between plaintiff and Liles is reversed and the cause remanded for further proceedings to permit the defendant-Liles to present her evidence.
Reversed and remanded.
NOTES
[1] See McKelvey v. Rodriquez, 57 Cal. App.2d 214, 134 P.2d 870 (1943).
[2] Stengel v. American Hotels Company of Connecticut, Fla.App. 1963, 152 So.2d 760; McKelvey v. Rodriquez, supra note 1.
[3] Section 95.14 reads as follows:

"No cause of action or defense to an action founded upon the title to real property, or to rents, or to service out of the same, shall be effectual unless it appear that the person prosecuting the action, or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor or grantor of such person, was seized or possessed of the premises in question within seven years before the accruing of the right of action or defense in respect to which such action is prosecuted or defense made, or unless it appear that the title to such premises was derived from the United States or the state, within seven years before the commencement of such action; and the period of limitation shall not begin to run until the passage of the title from the state or the United States."
[4] See McKelvey v. Rodriquez, supra note 1.
[5] 4 Tiffany, Real Property § 1142 at 424 (3rd ed. 1939); § 95.13, Fla. Stat., F.S.A.; Wade v. Doyle, 17 Fla. 522 (1880).
[6] Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314 (1943).
[7] Blackburn v. Florida West Coast Land & Develop. Co., Fla.App. 1959, 109 So.2d 413.
[8] 4 Tiffany, supra note 5 §§ 1142, 1144.
[9] 4 Tiffany, supra note 5 § 1155 at 463.
[10] 4 Tiffany, supra note 5 § 1138 at 418.
[11] See Hayward v. Marker, 334 Mich. 659, 55 N.W.2d 143 (1952); Burkhardt v. Smith, 17 Wis.2d 132, 115 N.W.2d 540 (1960).