PER CURIAM.
We affirm the judgment of the trial court in this boundary dispute since the record contains ample substantial and competent evidence to support the trial court’s determination that the plaintiffs below, ap-pellees here, established an adverse possession to the three-foot strip of land in question or, alternatively, established a boundary by acquiescence.
Appellant suggests that the Spencers failed to carry their burden on the issue of color of title. Section 95.16, Florida Statutes (1977).
As we stated in Moore v. Musa, 198 So.2d 843 (Fla.3d DCA 1967), “[t]o be effective as color of title, an instrument must purport to convey the land involved and contain a proper description by which the property may be identified. Color of title means only an apparent or semblance of title as opposed to actual title.” Id. at 847.
The trial court found, in the alternative, that there was substantial competent evidence to support judgment for the Spencers on á theory of boundary by acquiescence. Testimony showed that usage of the strip in dispute dated back to 1921. We agree with the well-reasoned special concurrence of Judge Mills in Laurendine v. Markham, 408 So.2d 839 (Fla. 1st DCA 1982) that substantial evidence of past acquiescence should override the determinativeness of surveyors’ findings. This is particularly true where the surveyor’s point of origin is the central issue.
No error having been demonstrated, the judgment below is affirmed.