NIMMONS, Judge.
Marchman appeals a final judgment which, while awarding him ownership in a disputed parcel of land, enjoins him from blocking or otherwise interfering with the use of the property as a road by appellee, an adjoining owner. We reverse the portion of the order which restricts appellant’s use of the disputed parcel.
In 1958 Mr. and Mrs. Thomas Chestnut deeded property to appellee and her husband,[1] plaintiffs below.[2] The property was described in the deed as follows:
East 200 feet of North 141.45 feet of the Northeast one-fourth of Southeast one-fourth of the Northwest one-fourth, Section Seven, Township One South, Range 31 West, less South 15 feet reserved for road.
For the sake of clarity, we have included a rough drawing of the property at issue. The parcel labeled “A” is the property deeded to the Perdues by the Chestnuts, who retained the property which we have labeled “B” and “C.”
*1288 [[Image here]]
The parties’ rights in the 15-foot strip referred to in the Chestnut-to-Perdue deed is the subject of the instant case.
The 15-foot strip allowed the Chestnuts access to their remaining property, which would otherwise have been landlocked after the transfer. For a number of years thereafter the respective landowners, including the Perdues, utilized the 15-foot strip as a common roadway and shared the maintenance thereof.
In 1980 the Chestnuts deeded parcels B and C and the 15-foot strip to Gregory Marchman, their grandson and appellant’s brother. In 1983 Gregory transferred lot B plus the 15-foot strip to appellant. Appellant subsequently fenced off the 15-foot strip by placing posts along the northern edge of the roadway. While appellee still has access to her property by way of Rebel Road (as depicted in the diagram), loss of use of the roadway has inconvenienced her in the use of her property.
Appellee and her husband brought an action asserting that, by the terms of the 1958 deed, they own the 15-foot strip, and demanding that appellant be required to remove the posts.[3]
After a nonjury trial the trial court found that appellant owns the roadway, but nevertheless enjoined him from the use of his property in such a way as to block appellee’s use of it for roadway purposes.
The trial court’s finding that appellant is the owner of the disputed property is supported by the evidence and is affirmed. However, the portion of the judgment restricting appellant’s use of the 15-foot strip is unsupported by either the language of the deed or other evidence.[4]
*1289 Accordingly, we reverse the judgment insofar as it enjoined appellant from blocking or otherwise interfering with appellee’s use of the disputed parcel. The judgment is otherwise affirmed.
AFFIRMED in part, REVERSED in part.
SMITH, C.J., and ERVIN, J., concur.

. The 1958 deed reserved a life estate in the property to the grantors, who quitclaimed the life estate to the grantees in a 1959 deed.

. Mr. and Mrs. Perdue brought suit jointly. Henry Perdue testified at trial but died prior to commencement of this appeal.

. Neither the parties nor the trial court have articulated the exact nature of the instant suit, but it appears to be in the nature of an action for ejectment. Ejectment may, as in the instant case, put ownership at issue but is ultimately directed to the question of the right to possession and use of the property in question. 20 Fla.Jur.2d Ejectment and Related Remedies Section 1; Moore v. Musa, 198 So.2d 843 (Fla. 3d DCA 1967).

. Even had appellee amended her pleadings to allege that she and her husband had an easement, such an argument would have been unavailing. The additional words "reserved for road” cannot reasonably be construed to grant the Perdues an easement in the roadway. In giving effect to the words found in a deed, the court will not supply a meaning unsupported by such language. 23 Am.Jur.2d Deeds Section 225.
Appellee cannot claim an easement by necessity because she has other, albeit less convenient, means of access to her property by way of Rebel Road as shown on the diagram. Tortoise Island Communities, Inc. v. Moorings Association, Inc., 489 So.2d 22 (Fla.1986); Dixon v. *1289 Feaster, 448 So.2d 554 (Fla 5th DCA 1984); Walkup v. Becker, 161 So.2d 893 (Fla. 1st DCA 1964).
Additionally, a claim of easement by prescription is unavailable because the required element of adverse use (rather than permissive use, which the record reflects in this case) for the prescribed time period is missing. Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980); Downing v. Bird, 100 So.2d 57 (Fla.1958).