PER CURIAM.
This is an appeal by the plaintiffs Anne C. Holloway and Lawrence E. Graves from a final judgment entered after a non-jury trial in a declaratory decree action in which the trial court concluded that (1) the plaintiffs are legally entitled to access to their waterfront mobile home properties through an easement by necessity over property owned by the defendants David F. Gargano and Gloria Jean Gargano, and (2) the defendants have provided reasonable ingress and egress to plaintiffs’ properties by way of a road over defendants’ property. The plaintiffs contend that this road does not provide reasonable ingress and egress to their properties. We agree and reverse.
It is uncontradicted on this record that the subject road has been used since 1962 by plaintiffs and their predecessors-in-interest, and that in 1992 the defendants erected a fence which effectively narrowed the road to eleven feet in width. Contrary to the trial court’s finding, a road of this width does not comply with the Monroe County Fire Code which requires a twenty-foot minimum ac-cessway, Standard Fire Prevention Code § 602.6.1; Monroe County, Fla., Code § 6.6-6(a) (1995) (adopting the Standard Fire Prevention Code 1994 Edition as the minimum fire safety code); Pis.’ Ex. 12; see also Testimony of Fire Chief Coyman, Tr. at 33-34, and that, as a consequence, fire and rescue equipment cannot access plaintiffs’ properties. Beyond that, it is uncontradicted that whenever a ear is parked in front of one plaintiff’s property, access to the other plaintiff’s property is totally blocked due to the narrow width of the road. As a consequence of the narrowing of the road, the three- *1232 decade use of the road by mail carriers, garbage collectors, meter readers and others has been either severely curtailed or prevented.
An access easement created by necessity, as here, must be capable of accommodating traffic incident to the normal requirements of the property served by the easement “consistent with the [reasonable] needs of the owners of the lands that are hemmed in.” Hayes v. Reynolds, 132 So.2d 781, 782 (Fla. 1st DCA 1961). In the instant case, the subject road does not accomplish this purpose because it is too narrow; a road of at least twenty feet in width is required as a matter of law in order to comply with minimum fire code provisions and to otherwise accommodate the plaintiffs’ reasonable access to their properties. Monroe County, Fla., Code § 9.5-296(r) (1995); see, e.g., Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328, 330 (Fla.1954); Reiger v. Anchor Post Prods., Inc., 210 So.2d 283, 285 (Fla. 3d DCA 1968).
We find no merit, however, in the plaintiffs’ alternative arguments for reversal. The final declaratory decree under review is reversed, and the cause is remanded to the trial court with directions to decree an easement by necessity of at least twenty feet in width in the subject road.
Reversed and remanded.