667 So.2d 223 (1995)
F.E. TRAMMELL and Mozelle Trammell, Appellants,
v.
John T. WARD, Levy H. Ward, and Allen E. Ward, Appellees.
No. 94-1075.
District Court of Appeal of Florida, First District.
August 21, 1995.
*224 Bonnie K. Roberts, Bonifay, for appellants.
Frank A. Baker, Marianna, for appellees.
JOANOS, Judge.
F.E. and Mozelle Trammell (the Trammells) seek review of the final judgment granting an easement, and the order denying their motion for rehearing of that final judgment. The first two issues raised in this appeal concern the trial court's alleged error or omission in failing to grant access to the Trammells' 40-acre parcel, and in denying the timely motion for rehearing of that matter. The third issue concerns that portion of the final judgment which grants access to appellees (the Wards) across a portion of the Trammells' land which evidence established was wet terrain. We affirm in part, and reverse in part.
This cause began when appellants filed an action seeking a prescriptive easement over lands owned by the Wards (Count I), a statutory way of necessity over the same lands (Count II), and a temporary and permanent injunction prohibiting the Wards from barring the Trammells' use of an unpaved roadway (Count III). Attached to the Trammells' complaint was a map containing two highlighted roads indicating the easement or way of necessity sought by the Trammells. The Wards filed an answer and counterclaim to establish a statutory way of necessity over lands owned by the Trammells. The counterclaim stated that in the event the trial court adjudged a way of necessity in favor of the Wards, they were willing to pay a reasonable compensation to be determined by the court.
At the hearing on the respective claims, the Trammells' counsel advised the trial court that the controversy concerned the Trammells' access to their 238-acre parcel, and to their 40-acre parcel. The Wards' counsel acknowledged that the Trammells needed access to their 40-acre parcel, but objected to a route through the middle of the Wards' property.[1]
The Trammells' counsel noted part of the problem was that much of the area was wet. Mr. Trammell then testified as to the routes he uses to gain access to his property, by reference to the map attached to the complaint and to an aerial map or photograph.[2] The Wards' counsel objected to the aerial photograph, asserting that "the claimant of a prescriptive easement must show by proof and pleading with definiteness the route and terminus and width of the prescriptive easement, otherwise, there is no way for me to defend." The trial court advised that in the event the court determined the Trammells had a prescriptive easement, it would require the Trammells to hire a registered surveyor to survey the prescriptive easement being claimed.[3] The Wards' counsel stated that the same concerns were applicable to a determination of a statutory way of necessity, i.e., its definite location on the ground.
After a private conference with the Trammells, their counsel asked Mr. Trammell whether he wished to agree to the use of an area circled on the map by the Wards' counsel, in an effort to avoid the survey costs. Mr. Trammell responded:
We will but with reservations. We know that we can't travel that road at all times and when it is necessary for us to get to our property we know we can't do it and we would hope that the Wards would be *225 reasonable enough that we could travel this high route with their permission and now I wouldn't want to go all the way to Cottondale to talk to Mr. Allen E. Ward, I rather be right there near Geneva where we could talk to Mr. John and Mr. Levy and get permission.
The Wards' counsel then dictated the following agreement into the record:
Mr. Ward proposes to give to Mr. Trammell easement along the yellow highlighted road that I have circled and marked "E-1" and along the yellow highlighted road I circled and marked "E-2" and "E-3". In exchange for which Mr. Trammell will arrive at some agreement in good faith with the Wards for travel from their 80 acre parcel along the area marked "E-4" over to their 31 acre parcel and with Mr. Trammell and Mr. Ward to sit down and agree exactly what the route is going to be and Mr. Ward and his brothers will sustain the cost of building or improving the roadway across that property and maintaining it. And that will be the only relief in the lawsuit.
The Trammells communicated their inability to meet the costs of the survey which the trial court indicated it would require. Mr. Trammell then advised the court that they would do the best they could with the access proposed by the Wards' counsel.
The trial court issued a final judgment, with attached map, directing that the Trammells were to have an easement along roadways marked "E-1," "E-2," and "E-3," for their travel to their landlocked 40-acre parcel. In addition, Mr. Trammell was directed to negotiate a good faith binding agreement with the Wards for a roadway shown as "E-4" on the Wards' map, for travel from their 80-acre parcel to their 31-acre parcel. Pursuant to the agreement, the final judgment directed the Wards to sustain the cost of building or improving the roadway, and to pay the cost of maintenance. The Trammells filed a timely motion for rehearing, raising as grounds therefor that the final judgment did not comply with the evidence presented, and the access which the judgment purported to grant to the Trammells is nonexistent, in that item "E-1" as circled on the attached map does not grant the Trammells access to their 40-acre parcel. The trial court issued a summary denial of the motion for rehearing.
At the hearing of this cause, the Wards' counsel recognized the Trammells were entitled to a statutory way of necessity, as set forth in section 704.01(2), Florida Statutes. This provision states in part:
(2) Statutory way of necessity exclusive of common-law right.  Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road.
"Practicable" is defined in section 704.03, which states:
That for the purposes of this chapter the word "practicable," as used in § 704.01, shall be held and construed to mean "without the use of bridge, ferry, turnpike road, embankment or substantial fill".
A roadway which is impassable after the rainy periods of the year is not practicably usable for egress or ingress within the contemplation of section 704.03. Walkup v. Becker, 161 So.2d 893, 895 (Fla. 1st DCA 1964). See also Redman v. Kidwell, 180 So.2d 682, 684 (Fla. 2d DCA 1965), cert. denied, 188 So.2d 806 (Fla. 1966).
The transcript of the hearing in this case reflects that although Mr. Ward was present and available to testify, Mr. Trammell's statement that E-1 was sometimes impassable was not contradicted or refuted in any way. Albeit minimal, the statement is the only evidence regarding the practicability of E-1 as an access route to the Trammells' landlocked 40-acre parcel. In other words, the only evidence on this question indicates that E-1, as drawn by the Wards' counsel and adopted by the trial court, is not a "practicable" route to the 40-acre parcel, *226 within the contemplation of sections 704.01(2) and 704.03, Florida Statutes.
As a basis for rehearing on this point, the Trammells alleged the final judgment purported to grant a nonexistent access, in that E-1 does not grant the Trammells access to their north 40-acre parcel. The motion further alleged the Trammells believed the trial court intended to grant access not just to their 238-acre parcel, but also to their 40-acre parcel. It appears such belief was justified, in view of the trial court's express recognition of the Trammells' need for, and Mr. Trammell's concern about, access to the 40 acres.
As to the easement the Trammells were ordered to provide for the Wards, the final judgment directed the Trammells to "negotiate in good faith a binding agreement" to allow the Wards perpetual use of a roadway to be built by the Wards across the Trammells' land. The final judgment further ordered the parties to agree to a specific route and width, and assigned building and maintenance costs to the Wards.
As grounds for rehearing on this point, the Trammells contended the designated E-4 access was inappropriate due to an existing creek, the judgment failed to address compensation for tree loss, and failed to provide a procedure for resolution of difficulties if the parties were unable to agree. Although the maps indicate the presence of a creek in the E-4 area, the final judgment directed the parties to negotiate a roadway in good faith. Presumably, a good faith negotiation would not contemplate a roadway through a creek.
As to the second ground for rehearing, under the stipulation, the parties, in effect, exchanged easement for easement, rather than monetary compensation. If the Trammells believe they are entitled to additional compensation, it seems such claim should be brought pursuant to section 704.04, Florida Statutes. See Parham v. Reddick, 537 So.2d 132 (Fla. 1st DCA 1988). As to the trial court's alleged failure to articulate a procedure for resolution of possible future disputes, we believe the court's directive to negotiate in good faith adequately apprised the parties of their respective duties.
In our judgment, the Trammells' motion for rehearing stated an appropriate ground for rehearing of the question of the Trammells' access to their 40-acre parcel. In view of the trial court's express recognition of this access problem, we conclude the court abused its discretion in failing to grant rehearing with respect to access to the 40-acre parcel.
Accordingly, we reverse that portion of the final judgment which does not provide the Trammells with practicable access to their 40-acre parcel, and remand for further proceedings as to this matter. In all other respects, the final judgment and the denial of the motion for rehearing are affirmed.
BOOTH and WOLF, JJ., concur.
NOTES
[1] The Wards' counsel stated in part:

[W]e think that the way for them to get access to that 40 acres is across the corner of the Ward property on an easement to be determined by the court. And the statute which sets up the statutory way of necessity gives the court the right to determine what is the practicable easement across the corner of that property and that's what we want you to do if you decide they're entitled to a way of necessity.
[2] The aerial photograph has not been made a part of the appellate record.
[3] The trial court further advised the Trammells that such a survey would cost five to ten thousand dollars.