GREEN, Judge.
George Perkins (Perkins) appeals a final judgment denying him a statutory way of necessity across property owned by appel-lees Perry Smith and Smith Okeechobee Farms, Inc. (Smith). We reverse.
The essential facts are that Perkins purchased landlocked property for residential and agricultural purposes. His land is bordered by the property of Smith, a Mr. Oscar Clemmons, the South Florida Water Management District, and the Kissimmee River. Perkins is presently using an existing private access over Smith’s land, and no evidence was presented that this caused a significant burden on either party. The road has been in existence for eight years. Perkins purchased his land knowing that Smith had made an easement agreement with Perkins’ predecessor in title with respect to the use of the road. This agreement required extensive improvements to the road, to be paid for by the grantee, for permanent use. Perkins was in no way involved with this agreement, and although Smith contends that Perkins has available to him the same contractual use of the easement, this is a unilateral offer which Perkins has declined.
The trial judge based his judgment on the premise that Perkins had “an express right to build a paved road onto his property pursuant to the easement recorded at O.R. Book 1178, Page 1732, Public Records of Highlands County, Florida.” We do not agree with the trial judge that this offer by Smith bars Perkins from the benefits provided by section 704.01(2), Florida Statutes (1999).
The second basis for the judgment against Perkins was testimony on behalf of Smith that Perkins could construct a road that would be shorter in length if Perkins were to access his land from a public road to the north of his land. The testimony revealed that while this route was indeed somewhat shorter than the existing access across Smith’s property to the south, it would involve the construction of a new road across mostly raw land and bodies of water.
We are concerned the trial judge failed to consider section 704.03, Florida Statutes (1999), which defines the word “practical” as used in section 704.01(2) to mean “without the use of bridge, ferry, turnpike road, embankment, or substantial fill.” In order to accomplish the alternate route through other bordering land the road would require embankment and substantial fill. See Keene v. Jackson, 732 So.2d 1138 (Fla. 1st DCA 1999); Trammell v. Ward, 667 So.2d 223 (Fla. 1st DCA 1995); Walkup v. Becker, 161 So.2d 893 (Fla. 1st DCA 1964).
While the instant appeal is before us upon the standard of abuse of discretion, we conclude that the uncontroverted evidence overwhelmingly supports Perkins’ contention that the existing road, which Perkins is presently using across the land of Smith, does indeed constitute the shortest practical route. Therefore, we reverse with directions that judgment be entered on behalf of Perkins and that further proceedings be held to determine reasonable compensation to be paid by Perkins to Smith for use of the road.
Reversed.
ALTENBERND, A.C.J., and NORTHCUTT, J., concur.